POWELL v. HUNT <i>et al.</i>

1. USURY: WHO CAN PLEAD. A junior mortgagee can not avail himself of the usury in the consideration of a prior mortgage; following *Hollingsworth* v. *Swickard,* 10 Iowa 385; *Frost* v. *Shaw,* Ib. 491.

*Appeal from Johnson District Court.*

THURSDAY, APRIL 11.

*Mackey & Bradley* for the appellants.

It is not competent for a subsequent mortgagee to set up

usury in the prior incumbrance.    That is a personal defense
and can be made only by the borrower, his sureties, his de-
visees and representatives or those persons who are bound
by the original contact to pay the sum borrowed.    *Sands* v.
*Church et al*, 2 Seld 347 ; *Mechanic's Bank* v. *Edwards*, 1
Barb. S. C. R. 272; S. C., 2 Ib. 545; *Reading . v. Weston*,
7 Conn.; *De Wolffe* v. *Johnson*, 10 Wheat. 367, 292; 20
Maine 28 ; 5 Taunt. 784; 22 Ala. 273; *Post* v. *Bank of
Utica*, 7 Hill. 391; 3 Barb. S. C. R. 332 ; *Frost* v. *Shaw et
al*, 10 Iowa 491 ; *Hollingsworth* v. *Swickard*, Ib 385.

*Clark & Bro*. and *Clarke & Davis* for the appellee.

LOWE, C. J.—The plaintiff's statement of his complaint is,
that he holds a note of thirteen hundred dollars against the
defendant, Hunt, dated 19th of May, 1857, payable in one
year, and secured by mortgage on lot 3 in block 2, situated
in that part of Iowa City known as the county seat.    That
one Etheil C. Lyon also holds a claim against the said Hunt,
consisting of two notes of $1000 each, given for the loan of
$1600, dated 26th July, 1856, payable in one year, drawing
ten per cent interest from date, and secured by mortgage on
the same lot.    At the October Term 1858, the said Lyon
obtained a judgment of foreclosure for $2448,68 by consent,
with a stay of execution for one year.    That on the 9th of
December, 1856, one Charles Berryhill loaned the said
Hunt $800 for one year, and took his note for $1000, to
draw two per cent per month after due, if not paid ; also
secured by mortgage on the same lot.    At the January Term
1859, Berryhill obtained his judgment of foreclosure for
$1065.    On this judgment the mortgaged premises were
sold to Berryhill by the sheriff for $1108,39.    In these pro-
ceedings of foreclosure plaintiff was not made a party, nor
was usury set up as a defense by Hunt.    Plaintiff claims that
Lyon was only entitled to $1600 and Berryhill $800 ; which
sums of money he tendered to them respectively,

together with six per cent interest on the same, which was refused by them.

. The plaintiff asks a judgment of foreclosure upon his own mortgage, that the equities of the senior mortgagees be adjusted, and that they be decreed to accept from the plaintiff their principal debt, deducting the usurious interest, and that they assign their several judgments to plaintiff, &c. The defendant Lyon demurs to that portion of the petition which claims that the plaintiff, being a subsequent mortgagee, can set up the defense of usury for Hunt, &c. Demurrer overruled, exceptions taken, and the cause comes up on this point. The demurrer should have been sustained. *Frost* v. *Shaw et al*, 10 Iowa 491 ; *Hollingsworth* v. *Swickard*, Ib. 385 ; 2 Pars. on Contr. 397, 8, 9 ; 20 Johns. 667 ; 1 Barb. 272 ; 22 Ala. 273.

Reversed.