Mallett v. Stone.

<p style="margin-left:1em;font-size:smaller;">3.—— Practice.</p>

---

MALLETT v. STONE *et al.*

1. **Usury:** CONSTRUCTION OF CONTRACT. When the payee of a promissory note, which was not tainted with usury at its inception, contracted for a consideration which exceeded the legal interest, to forbear enforcing the payment of the same, it was *held*, that the new contract did not taint the note with usury, but that it was, in itself, usurious, and that the money paid thereon should be applied as a payment on the note.

*Appeal from Pottawattamie District Court.*

THURSDAY, OCTOBER 6.

A SUIT to recover the sum of $1,000 with ten per cent interest thereon, being the amount of a promissory note,

dated January 24th, 1857, payable the 1st of July, following, together with the foreclosure of a deed of trust, given to secure the same. The contract, at its inception and making thereof, was legal, and free from any taint of usury or other infirmity. At its maturity a special contract was made between the parties, whereby the holder of the claim agreed to forbear payment for, and during the month of July, for the consideration of $30, which was paid. A similar contract was made for the month of August, and a like amount was also paid.

At the trial, the defense of usury was made, and the above special contracts were shown and relied upon, in support of the same. The court held the plea unsustained, and gave judgment for the amount of the claims and interest, less the two payments above specified. The defendant, Stone, excepted and appeals.

*C. Cook* for appellant.

*Ross* and *Bloomer* for appellee.

Lowe, J.—The only point for our determination is, whether the defense of usury can be sucessfully pleaded,

1. Usury: construction of contract.

under the circumstances stated, to the note sued. We think clearly not. The special contracts entered into as aforesaid, after the maturity of the note, to obtain further time in the payment thereof, do not in law relate back to the date of the original contract so as to infect its validity. The note, in its inception, was valid, untainted with any illegality, and it ever remained so; it was not changed or renewed so as to include the subsequent special contracts alleged to be usurious, but remained intact from these, and is now alone sued. The usury complained of pertains to the special contracts of forbearance. These, by the court below, were treated as usurious, and the money paid under them were applied

as a general credit on the original contract, which we think was right, and all the defendant could reasonably ask. The judgment will therefore be

<div align="right">Affirmed.</div>