Beck, J.
The facts of this case are as follows: One Speakman purchased of Hall and others certain lands, and executed his promissory notes, and a mortgage upon the lands to secure them. One of these notes was payable to Hall, who indorsed it to Morrison for collection, and as a collateral security for an indebtedness to Morrison. The agent of plaintiff paid to Morrison the amount due on the note, and Morrison thereupon indorsed it, without recourse to plaintiff. Morrison paid to Hall the balance of the money received, after deducting the amount of his indebtedness. Hall thereupon entered satisfaction of the mortgage, so far as the same secured the note. Speakman died, and- his widow, who is the daughter of plaintiff, intermarried with defendant Fuller. Fuller purchased the lands covered by the mortgage, after the satisfaction of the mortgage was entered by Hall. Thus far the facts of the case are not disputed. The plaintiff asks, in his petition, that the satisfaction entered by Hall be set aside, and that the mortgage be declared a lien upon the land.
When Fuller purcliased the land he had no notice that the Hall note was unpaid and in the possession of plaintiff. He saw upon the record the satisfaction of the mortgage. He was advised that $2,000 of the sums secured by the mortgage were due and unpaid. This amount he was to pay, as a part of the purchase-money of the farm. When he was about to pay this $2,000, he, for the first time, ascertained that the Hall note was claimed by plaintiff to be unpaid. He refused to pay it, but applied the amount of the purchase-money yet in his hands to the payment of the $2,000, which be understood, when he bought the land, was all that was held as a lien upon it.
In our opinion,- Fuller is protected by the satisfaction *206 entered upon the record. He had no notice of the transfer of the note, and he conld well rely upon the satisfaction as having been made by one who had full authority to enter it. The satisfaction was entered, so far as Fuller knew, by a party authorized to make it, and it appeared in the proper place to notify him of the fact. The record of the mortgage guided him in making the purchase; he had nothing to do with Hall, and did 'not in any way rely upon him. But the plaintiff, in the purchase of the note, took it upon the credit, to some extent, of tbe indorser, Hall; so far, at least, as to rely upon him that he would do no act to defeat the note or destroy the security. It appears to us that if, in the transaction, one of the parties must suffer on account of the improper act of Hall, in satisfying the mortgage, equity will protect Fuller rather than the plaintiff.
The appellant claims that Fuller took the land upon a pre-existing debt, and never became personally liable to pay the $2,000 upon the mortgage; therefore, he is not a iona fide purchaser. The evidence, as we understand it, does' not sustain this position. Fuller had advanced $1,000 to his grantor before the purchase. This pre-existing debt was not the full price paid by him for the land; it was but a part of it. Has contract to pay the $2,000 most certainly rendered him liable for that sum. Had he failed to pay it, the contract could have been enforced against him, and the sum he agreed to pay, $2,000, could have been recovered thereon. Without determining whether the principle of law announced in this connection by appellant be correct, we are of the opinion that the conclusions of facts to which it is applied are not sustained by the evidence.
But it is argued that, as Fuller had notice of the note, and that it was unpaid, before he paid the full amount of the purchase-money, he cannot be protected as an innocent purchaser. It is a sufficient reply to this view to remark *207 tbat he received this notice after payment of all of the consideration except $2,000, which, by the terms of the contract of purchase, was to be paid in satisfaction of debts secured by the mortgage on the land, which did not, like plaintiff’s claim, appear to be satisfied upon the record of the mortgage. Had this notice been brought to him before the contract, or the payment of the consideration for the land, he could not be protected.
Under the foregoing view of the case, we conclude that Fuller was a bona fide purchaser of the land, without notice of plaintiff’s claim, and that he ought to be protected against its enforcement.
The judgment of the court below is
Affirmed.