BOWLING v. COOK ET AL.

1. **Mortgage:** ASSIGNMENT OF: PURCHASER WITHOUT NOTICE. The assignment of a mortgage is invalid against a subsequent purchaser without notice, or the grantee of a subsequent mortgage, unless such assignment be of record. (*The Bank, etc., v. Anderson et al.*, 14 Iowa, 544; *McClure v. Burris et al.*, 16 Id., 591; *Cornog v. Fuller et al.*, 30 Id., 212.)

2. ———: ———: PRIORITY OF LIEN. Where the mortgagee transferred the note secured by the mortgage, and subsequently purchased the mortgaged property, upon which, after entering satisfaction of the mortgage, he executed a second to secure a party who had no notice that the note was unpaid, it was *held* that the lien of the second mortgage is not affected by the first, and is superior thereto.

*Appeal from Linn Circuit Court.*

WEDNESDAY, SEPT. 23.

ACTION to foreclose a mortgage. There was a decree in the Circuit Court for plaintiff. Defendants appeal. The facts of the case fully appear in the opinion.

*I. M. Preston & Son*, for appellants.

*Mills & Blake*, for appellee.

BECK, J. 1. The defendant, McElroy, on the 22d day of November, 1870, sold and conveyed the land covered by the mortgage which plaintiff seeks to foreclose, to Lytle, another defendant, who paid therefor $500 in cash, and executed the notes and mortgage in suit to secure the balance of the purchase money.

2. In December following McElroy transferred to plaintiff the notes and delivered the mortgage to him as collateral security for the payment of a note for about $500 held by plaintiff, against McElroy.

3. On the 2d of March, 1872, Lytle re-conveyed the land to McElroy, who repaid the $500 advanced upon the first purchase. This conveyance was intended to satisfy the notes and mortgage given by Lytle, but he had no notice of the transfer of these instruments to plaintiff. The deed executed by him contained covenants of warranty against incumbrances, excepting therefrom the mortgage to McElroy.

4. On the 1st of October, 1872, McElroy borrowed of defendant, Josephine Cook, $3,000 and, to secure the payment, executed a mortgage upon the lands described in the mortgage and deed just mentioned. The mortgage was of record, but the deed at the time had not been recorded, although we understand from the abstract that Mrs. Cook, or her agents, who negotiated the loan to McElroy, had knowledge of the deed and its contents. It was either delivered to them for record or filed in the recorder's office by McElroy himself at the time he borrowed the money. McElroy represented to Mrs. Cook, or to her agents, that the notes secured by the first named mortgage were paid and the mortgage would be satisfied, but neither she nor they had notice that plaintiff holds the notes and mortgage or claimed any interest therein.

After the transaction with Mrs. Cook, McElroy entered of record satisfaction of the mortgage executed by Lytle to him.

Plaintiff claims that the mortgage to McElroy is paramount to the other mortgage executed by McElroy to Mrs. Cook. The Circuit Court so held, and by the decree provided that the lands be subject to the lien of the first mortgage to the extent

of plaintiff's claim for which the notes and mortgage were given as collateral security.

The only question involved in the case requires us to determine which of the mortgages is the superior lien.

· The facts before us differ in but one respect from those found in *The Bank of the State of Indiana v. Anderson et al.*, 14 Iowa, 544; *McClure v. Burris*, 16 Iowa, 591, and *Cornog v. Fuller et al.*, 30 Iowa, 212. In these cases notes secured by mortgages were transferred, and subsequently the mortgagees discharged the mortgages by proper writings upon the record. No assignments of the mortgages appeared of record. In the first two cases, subsequent mortgages, and in the third a subsequent deed, were held to defeat the prior mortgages. In each case the secured instruments were executed to parties who had no notice of the transfer of the notes, and that they were unpaid. In the case at bar no satisfaction of the first mortgage was entered of record before the second was executed. The second mortgagee had no notice of the transfer of the note and there was no record of the assignment of the mortgage; the party executing the second mortgage, in this, as in the other cases, appeared by the record to be the owner of the land and empowered to execute the instrument. The satisfaction of the mortgages of record is the only fact that distinguishes those cases from this.

The doctrine is announced in the case first cited and is followed in the second that an assignment of a mortgage, like
1. MORTGAGE: other instruments affecting real estate, is invalid
assignment of: against subsequent purchasers without notice (and
must be of rec-
ord.     a mortgagee is a purchaser) unless it be recorded.
The subsequent mortgagee would not be affected by an assignment of a prior mortgage unless charged with actual notice or the assignment has been duly recorded. Following this doctrine, we hold that if the party executing the second mortgage appear from the record to be the one to whom the first was executed and its assignment is not shown by the record, the equities of the second mortgage are superior to the first.

· The reason upon which this conclusion is based is this. If a mortgagee of land acquire the fee simple title, his mortgage

interest merges therein and is extinguished unless there appears an intention to keep it alive. *Vannice v. Bergen*, 16 Iowa, 555. In the absence of the record of an assignment of the mortgage in such a case, the separation of the mortgage interest and the title afterward acquired would not appear so as to defeat the merger, and a purchaser, having no notice of the assignment, would be warranted in presuming that it had happened and the mortgage interest had been thus extinguished.

Applying these doctrines to the facts of the case before us, we conclude that the equities of Mrs. Cook are superior to

2. ———: ———: those of plaintiff, and that the lien of her mort-
priority of
lien.  gage is not affected by the mortgage under which plaintiff claims.

The decree of the Circuit Court is reversed and the cause is remanded for a final decree not inconsistent with this opinion.

REVERSED.