## READY vs. HUEBNER and another, imp.

*Defense of usury: by whom it may be made.*

The defense of usury is personal to the debtor, his privies in blood or estate, or privies to the contract *(Bensley v. Homier*, 42 Wis., 631); and it cannot be set up by a second mortgagee, to an action to foreclose a prior mortgage. So *held* where the alleged usurious contract was made under ch. 160 of 1859.

APPEAL from the Circuit Court for *Manitowoc* County.

Foreclosure of a mortgage executed by Christian Kœbke and wife. The mortgagors did not defend. The defendants *Julianna Huebner* and her husband, *F. W. Huebner*, second mortgagees, answered, setting up the defense of usury in the note secured by the mortgage here in suit.

At the trial, the court ruled out all evidence offered by the defendants *Huebner* to support the defense of usury, and, upon a finding of facts in accordance with the complaint, rendered judgment in favor of the plaintiff. The defendants *Huebner* appealed.

Brief for the appellants by *White & Forrest*, and oral argument by *Mr. Forrest*.

Brief for the respondent by *Nash & Schmitz*, and oral argument by *Mr. Nash*.

COLE, J. The only question presented on this appeal is, whether, in a suit to foreclose a prior mortgage, a second mortgagee can set up the defense of usury to avoid such mortgage. The mortgagor makes no defense. And the question

is, whether the defense of usury is so exclusively personal that it cannot be made by the second mortgagee. We are not aware that this precise question has been before presented to this court for decision, though, in *Bensley v. Homier*, 42 Wis., 631, a strictly analogous one was passed upon. That was an action to foreclose a mortgage, which the mortgagor did not defend. A junior judgment creditor of the mortgagor attempted to avail himself of the defense of usury to defeat the mortgage. The alleged usurious contract, in that case as in this, was made under ch. 160, Laws of 1859. The chief justice, in a very able and most instructive opinion, announced the decision of the court, holding that the defense of usury was personal to the debtor, his privies in blood or estate, or privies to the contract, and that principle and the weight of authority were against the right of the judgment creditor to set it up as against the mortgage. The chief justice quotes, with approval, a passage from Tyler on Usury, ch. 31, p. 417, in regard to the policy of the statute of usury, where that author says that its object is to protect the borrower against the oppressive exactions of the lender, and that it is not essential to the complete promotion of that object, that other persons than the victims of the usurer, or persons standing in legal privity with him, should have the benefit of the defense. Now it seems to us that this case falls fully within the doctrine of *Bensley v. Homier*. For there is no solid ground that we can see for a distinction in principle between that case and this. If a junior judgment creditor of the mortgagor stands in no such relation to the original transaction as to have the benefit of the defense, it is difficult to assign a reason which would give a second mortgagee that right. If one cannot attack the prior mortgage for usury, why should the other be permitted to do it?

The counsel for the defendant insists that a distinction exists between the cases, growing out of the different manner in which the subsequent lien is created or arises. In the case

of the mortgage it is created by contract with the borrower, while in the case of the judgment creditor it arises by operation of law, without the act of the borrower, and in spite of him. But we do not see that this fact should change the case, or affect the principle upon which the Bensley case rests. That decision goes upon the ground that the defense of usury is a personal one; that no one but the party to the usurious loan, his heirs, devisees or personal representatives, can avoid the contract on account of usury; that a party who is a stranger to the usurious transaction, cannot avoid the usurious lien. It is true, there is a class of cases which hold that the purchaser generally — not of the mere equity of redemption — of property charged with an usurious lien or claim, can allege the usury and defeat the claim when the conveyance shows that the vendor conveyed the property discharged of such lien. *Newman v. Kershaw*, 10 Wis., 333; *Ludington v. Harris*, 21 id., 240; *Hartley v. Harrison*, 24 N. Y., 176; *Bullard v. Raynor*, 30 id., 197. See *Chamberlain v. Dempsey*, 36 N. Y., 144–149; *Williams v. Tilt*, id., 319. The reason given in some of these cases for such a ruling is, that the purchaser, under such circumstances, succeeds to all the relations of his vendor in respect to the property, and therefore necessarily acquires the right to question the validity of the usurious security in protection of his title. But whether these decisions rest upon sound principle, and can be reconciled with the well established rule that usury is a personal defense which cannot be set up by a stranger to the original transaction, we shall not now stop to inquire. It is sufficient, for the disposition of this case, to say that it falls fully within the doctrine of *Bensley v. Homier*, which we think lays down the correct rule as to who is entitled to set up the defense of usury to avoid a prior lien. It follows from these views that the judgment of the circuit court must be affirmed

*By the Court.* — Judgment affirmed.

TAYLOR, J., took no part.