W. O. COBB, Ext'r, v. JOHN T. MORGAN.

*Payment—Usury—Pleading.*

1. Payment is an act of volition, requiring the assent of both debtor and creditor, and hence, the transfer of money by the former to the latter, under a contract for usurious interest, cannot be treated by the courts as a payment on the principal debt; when it was not so intended by the parties at the time.

2. Under the acts of 1874–'75, ch. 82, the payer of usurious interest may recover the same in an action for money had and received to his use, or by way of counter-claim when action is brought for the balance due on the usurious contract.

3. Where the payee of a note which is good as it originated makes a special contract for a usurious rate afterwards, to forbear enforcing payment, it is the special contract of forbearance which is usurious, while the original note remains untainted.

(*Bank* v. *Lutterloh*, 81 N. C., 142; *Godfrey* v. *Leigh*, 6 Ired., 390, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of NASH Superior Court, before *Eure, J.*

Judgment for plaintiff, appeal by defendant.

*Messrs Bunn & Battle,* for plaintiff.
*Messrs. Connor & Woodard,* for defendant.

SMITH, C. J. The action is on a bond for $800 executed by the defendant to the plaintiff's testator on January 4th, 1875, payable, with interest from date, on the first day of January, 1876, and secured by a mortgage upon land, and the demand is for judgment for the debt and the sale of the land for its payment. The defendant in his answer admits the giving the bond and mortgage as charged, alleges that two payments have been made on the debt, one of $311 and the other of $77, sets up the defence that the bond is usurious and was given for $600 only loaned by the testator, and submits to the payment of the sum loaned, less the credits of $388.

It was conceded by the plaintiff that the consideration of the bond was $600, and only that sum without interest was claimed. No issue was proposed in reference to the alleged partial payments, the only remaining disputed matter, but certain others, wholly extraneous to the pleadings and the pertinency of which nowhere appears, were submitted to the jury, which, with the answers, are as follows :

1. What were the two notes for $120 paid off in Wilson, N. C., given for ? and the response is for interest on the $800 bond.

2. What was the amount paid to Sorsby in Wilson ? Answer $559.50.

3. What was the amount of the Wills debt? Answer, $354.

The only controversy in the court below was as to the effect of the giving the two small notes for usurious interest on the money loaned, and whether it was either an extinguishment or reduction of the debt. The defendant insisted that thereby the bond itself became void and none of the money due thereon could be collected, and if this was not

so, then the effect was to reduce the debt to $212, the difference between the principal and the payments. His Honor ruled adversely to the defendant on both points and gave the plaintiff judgment for $600.

In relation to the assigned errors, it would seem to be sufficient to say that the subject matter to which they relate is not set up as a defence in the answer, nor is there any reference to the existence of the two usurious notes, and consequently the effect of their execution and payment was outside of the controversy made in the pleadings. But as perhaps upon application the court would have allowed an amendment admitting of their introduction, we will proceed to consider the questions as if properly arising in the case.

1. The sums paid on the two notes cannot be appropriated to the reduction of the debt, for the reason that the payment was neither made nor received to be thus applied, and the intent of the parties will control. These notes being usurious and void and constituting no legal demand against the debtor, he may regard the money as received by the testator to his use, and it may be recoverable on an implied promise, or used as a counter-claim against the plaintiff's demand, but for the reason that no counter-claim is asserted in the answer, the defence is unavailable to the defendant that form.

In Bank v. Lutterloh, 81 N. C. 142, it is decided that under the former law, usurious interest paid might be reclaimed by action against the lender, while it could not be under the act of 1866, and that the only remedy afforded the debtor under this law was in a refusal to pay and in resisting the action to enforce payment. The defendant, however, gave the two notes under the stringent provisions of the superseding act of March, 1875, and might as a counter-claim, if his defence had been so framed, have reduced the plaintiff's demand by the amount paid on them.

2. The second exception is that the $800 note, though

valid·in its inception for the·sum of $600 and void as to the excess, was' vitiated and annulled by virtue of the agreement to take and taking the usurious interest represented by the two notes for forbearance thereon after the later act went into operation. .This exception is equally untenable and in direct conflict with the statements and submission of the answer itself. The act of March, 1875, avoids "all bonds, contracts and assurances whatever for the payment of any principal money to be lent, or covenanted to be performed, upon or for any usury, whereupon or whereby there shall be reserved or taken above the rate of six dollars or eight dollars on the hundred· as aforesaid," and it declares that "whoever shall take or receive a rate of interest greater than hereinbefore specified shall forfeit and lose for every such offence the double value of the moneys," &c., lent, &c. Acts of 1874–'75, ch. 84, § 2.

The force of the statute is spent upon the contract entered into in violation of its terms, that is the notes given for the forbearance, and in subjecting the receiver of the usury to the forfeit of a sum double that forborne; but the pre-existing legal obligation is not infected by giving the indulgence for which the usury is taken. This is the uniform construction put upon similar statutes which avoid the entire debt and impose penalties upon the receiver for taking interest in excess of that allowed by law. In *Ferrall v. Shaw*, 1 Saund., 294, it is said by the court : "The bond was good when made. Then an usurious contract afterwards cannot make the bond void which was good at the time when it was made. But it is true that by such usurious interest the plaintiff has forfeited in treble value, but the bond will not be therefore void."

. "When the payee of a note," remarks a recent writer, "which is good as it originated, makes a special contract for a usurious rate afterwards to forbear enforcing payment, it is the special contract of forbearance which is usurious,

while the original note remains untainted." 1 Schm. Per. Pro., 325.

The special contracts entered into as aforesaid after the maturity of the note to obtain further time in the payment thereof do not in law relate back to the date of the original contract so as to infect its validity. *Mallett* v. *Steem,* 17 Iowa, 64 ; *Drewry* v. *Morse,* 5 Allen, 445. And in harmony is the case of *Godfrey* v. *Leigh,* 6 Ired., 390, wherein RUFFIN, C. J., says : "If the contract was not for usurious interest, but the lender afterwards received it, he forfeits double the sum lent."

But as we have already said these questions are not raised in the answer, and so on the other hand the defendant admitting his liability for the sum loaned, submits to pay it after an allowance of what he claims as credits and of which there was no proof, nor indeed any issue to admit proof. The judgment must be affirmed and it is so ordered.

No error. Affirmed.