DAWS v. CRAIG ET AL.

62 515
138 134
f138 135

1. **Mortgage**: ASSIGNMENT OF NOT RECORDED: FRAUDULENT RELEASE OF BY MORTGAGEE: EQUITIES AS BETWEEN ASSIGNEE AND PURCHASER OF THE MORTGAGED PREMISES. In 1868, G. W. K. executed a mortgage to J. K., who in the same year sold and assigned it to plaintiff, but plaintiff never had the assignment recorded. In 1880, G. W. K. traded the mortgaged premises to defendants for another tract of land, and conveyances were made accordingly. Defendants at the time knew of the mortgage made by G. W. K., but did not know that it had been assigned by J. K. to any one; and, to secure them against said mortgage, G. W. K. executed to them a mortgage on the land conveyed to him in the exchange. Afterwards J. K., in fraud of his assignee, released of record the mortgage made to him, in consideration of which the defendants, still ignorant of the assignment made by J. K., and innocent of the fraud practiced by him, released of record the mortgage made by G. W. K. to them. *Held* that plaintiff, having, by her negligence in not having her assignment recorded, left the way open for the fraud of her assignor, whereby the defendants, acting in good faith, had been led to a satisfaction of their mortgage, could not have her mortgage reinstated and foreclosed as against the defendants.

*Appeal from Butler District Court.*

FRIDAY, DECEMBER 14.

ACTION to foreclose a mortgage on real estate, executed by G. W. and Patrick Keenan to James Keenan. The defendants, claiming to be the owners of the mortgaged premises, were made parties to the action, and a decree was rendered foreclosing the mortgage, and defendants appeal.

*Craig & Smith* and *Gibson & Dawson*, for appellants.

*Sheean & McCarn* for appellee.

SEEVERS, J.—The undisputed facts, sufficiently stated, are: *First*—The mortgage sought to be foreclosed was executed in 1868, and in the same year it was sold and assigned to the plaintiff; but such assignment never was recorded in the recorder's office.

*Second*—In June, 1880, Geo. Keenan, the owner of the mortgaged premises, conveyed the same to one of the defendants, in consideration of the conveyance to him by the defendants of a tract of land owned by them. This transaction in fact was an exchange of lands.

*Third*—To secure themselves against said mortgage, Geo. W. Keenan executed to the defendants a mortgage on the land they had conveyed to him.

*Fourth*—At the time of the exchange of lands and the execution of said conveyances and mortgage, the defendants had knowledge of the existence of the plaintiff's mortgage, and that the same was unpaid.

*Fifth*—In July, 1881, James Keenan executed a release of the mortgage sought to be foreclosed, and the same was duly filed for record.

*Sixth*—Upon being informed that such release had been executed, the defendants released of record the mortgage which Geo. W. Keenan had executed on the land they had conveyed to him.

We do not understand the appellee to claim that the defendants, at the time the conveyance was made to them of the mortgaged premises, or at the time they released the mortgage executed to them, had any knowledge that the mortgage sought to be foreclosed had been assigned by James Keenan to the plaintiffs or any one else.

I.   Counsel for the appellee insists that the release of the mortgage sought to be foreclosed is a forgery. There is not, however, any such issue made in the pleadings. But, if such was the case, the evidence fails to establish such fact. It was signed and acknowledged by James Keenan, and the most that can be said is that the release was obtained by fraud, of which the defendants had no notice until after they had released the mortgage executed to them by Geo. Keenan.

II.   The remaining question is thus stated by counsel for the appellee: "Under the decisions in this state, however, we

concede that the plaintiff's mortgage was fraudulently re
leased, if there was not in fact a forged release; and if such
fraudulent release was made before Mary E. Craig purchased.
and she was a *bona fide* purchaser after such release, that
plaintiff's mortgage could not be foreclosed against her;
*     *     but no court to our knowledge has gone so far as
to hold that the fraudulent release of a mortgage, after the
conveyance of the land to another, prevents the foreclosure
of the mortgage as against such grantee." It will be seen
that the foregoing proposition is made to depend upon the
fact that the conveyance to the defendants was made before
the release of the mortgage sought to be foreclosed. But it
ignores the further fact that such conveyance was not made
until after the defendants released their mortgage, and that
this was done because of the fact that the mortgage sought
to be foreclosed had been released. The defendants, we
think, stand in precisely the same condition as if they were
holders of a second mortgage on the premises described in
the plaintiff's mortgage, and, upon the first mortgage being
satisfied of record, they took a conveyance of the premises in
satisfaction of their mortgage, and released it of record.

Now, under such circumstances, should the satisfaction of
the prior mortgage be set aside, and the same enforced to the
prejudice of the defendants? We think not; and that this
case in legal effect is precisely like *The Bank of The State
of Indiana v. Anderson,* 14 Iowa, 544.

We do not think that the fact, if it be one, that the
defendants could have had the satisfaction of their mortgage
set aside, is material. Conceding that they could have
done so as to Geo. Keenan, for aught we know he may have
parted with the land. But, if not, this burden should
not be cast on the defendants, who have acted in good faith.
The negligence and failure of the plaintiff to have the
assignment of the mortgage to her recorded has been the
primary cause of this controversy, and we think the burden
to have the satisfaction of the defendant's mortgage set aside

should have been assumed by her. Possibly this might have been done in a proper action against the proper parties. But what would be the effect, if such had been done, on the rights of those parties, we do not determine, as there is no such question in the record before us.

REVERSED.