J. W. SQUIRE COMPANY, Appellee, v. CLARENCE HEDGES et al., Appellees; CLARA E. LEMLEY et al., Appellants.

**MORTGAGES:** Transfer of Note—Failure to Assign Mortgage—Effect.
1  A transferee of one of several notes secured by a recorded junior real estate mortgage who fails to take and record any assignment to himself of said mortgage is bound by the subsequent wrongful agreement of the record mortgagee that a prior mortgagee (who had no notice of the transfer of the note) might take a new mortgage in lieu of his old mortgage, and for an increased amount, and *retain priority over the junior mortgage*; and it is immaterial that said agreement is evidenced by an unacknowledged entry on the margin of the recorded mortgage. (See Book of Anno., Vol. 1, Sec. 10105, Anno. 22 *et seq.*)

**USURY:** Usurious Transactions — Subsequent Agreements — Effect.
2  Notes and mortgages which are untainted with usury are not so tainted by subsequent contracts by which forbearance of the holder to insist upon an accelerated maturity is secured. (See Book of Anno., Vol. 1, Sec. 9406.)

**USURY:** Rights of Parties—Defense Not Available to Third Party.
3  The plea of usury is not available to one who is a stranger to the contract attacked. (See Book of Anno., Vol. 1, Sec. 9407, Anno. 1 *et seq.*)

Headnote 1: 21 C. J. p. 1177.  Headnote 2: 39 Cyc. p. 992.  Headnote 3: 39 Cyc. p. 1062.

*Appeal from Decatur District Court.*—A. R. MAXWELL, Judge.

OCTOBER 27, 1925.

. ACTION in equity to foreclose certain mortgages on real estate. The facts are stated in the opinion.—*Affirmed.*

*W. O. Jamison* and *McGinnis & McGinnis,* for appellants.

*Freemont Benjamin* and *Francis Varga,* for appellee.

VERMILION, J.—I. The material facts, with a single exception, to be presently noted, are not in dispute.

Clarence Hedges was the owner of certain land upon which J. W. Squire had a first mortgage for $9,000, and the defendant W. H. Donald had a second mortgage securing two notes, one for $3,946, due in five years, and the other for $4,000, due in eight years. These mortgages had been executed by Frank Drinkall, a former owner of the land. Donald transferred the note for $4,000, and it came into the hands of the appellant Clara E. Lemley, in a manner not material to the present controversy. Donald made no assignment of the mortgage securing the note. While it is not questioned that the assignment or transfer of the note operated as an equitable assignment, *pro tanto,* of the mortgage security, there was nothing of record to show that Donald was not the owner of both notes, or that Donald's assignee or Mrs. Lemley had any interest in the debt or the mortgage. Before the maturity of any of this indebtedness, Hedges, being desirous of securing a larger loan, arranged with the appellee, J. W. Squire Company, a corporation of which the holder of the $9,000 mortgage was president, for a loan of $13,000, to be secured by a first mortgage on the land. On April 10, 1917, Hedges and wife executed a note for $13,000 and a mortgage securing the same upon the land, and notes for the commission for the loan, amounting to $975, also secured by mortgage on the land. These mortgages were duly filed and recorded. Out of the $13,000 so borrowed, the amount due under the first mortgage of $9,000 was paid, $3,000 was paid on the note held by Donald secured by the mortgage to him, and Hedges received the balance. Donald was a party to this transaction, and signed a writing which appears on the margin of the record of the mortgage for $13,000, as follows:

1. MORTGAGES: transfer of note: failure to assign mortgage: effect.

"It is agreed that the mortgages given to J. W. Squire Company on April 10, 1917, by Clarence Hedges and E. C. Hedges his wife recorded in Book 191, page 71, shall be and is senior to mortgage given by Frank Drinkall and Mary A. Drinkall to the undersigned recorded in Book 164, page 194. It is expressly agreed and understood that this mortgage recorded in Book 164, page 194, is junior and subject to the above mortgage to J. W. Squire Company of Council Bluffs, Iowa."

An agreement substantially in the same form, signed by Donald, appears on the margin of the record of the mortgage securing the commission notes. The mortgage to Donald was recorded at page 194 of Book 164. These agreements are not dated, but they appear to have been made before the completion of the $13,000 loan. Donald had no authority from the holder of the $4,000 note to agree that the lien of appellee's mortgage should be prior or superior to the mortgage securing such note.

This action is to foreclose the $13,000 mortgage and the mortgage securing the commission notes. The appellant Clara E. Lemley claims a prior lien under the Donald mortgage for the amount due on the $4,000 note.

The only disputed matter of fact is whether the local agent of appellee who negotiated the $13,000 loan had actual notice that Donald was not the owner of the $4,000 note at the time the latter executed the above agreements. Donald testified that he informed the agent of that fact. This the agent denied. The lower court found that the agent had no such notice, and our examination of the record brings us to the same conclusion. Without setting out the evidence, we may say that Donald's memory was obviously at fault in some respects as to the transaction; while it is extremely improbable that the agent, although insisting on an agreement that would make the $13,000 mortgage the prior lien as against Donald's mortgage, would accept his agreement to that effect with knowledge that he did not own one of the notes secured by it. Moreover, thereafter, and before the institution of this action, Donald commenced and prosecuted to judgment an action to foreclose his mortgage for the balance due thereon, including the note for $4,000 held by appellant,— procuring the note from her for that purpose. The appellee was not made a party to that action, although, if the appellant's

contention that the appellee was chargeable with notice that Donald had transferred the $4,000 note, and therefore the holder of the note had a superior lien to the lien of the appellee's mortgage, be correct, the relief now sought by appellant would properly have been granted in that action.

Under the doctrine that the transfer of the note operated as an equitable assignment of the lien securing it, the assignment of the note affected real estate, and came under the operation of the statute with reference to the recording of such instruments. *Bank of the State of Indiana v. Anderson,* 14 Iowa 544; *Bowling v. Cook,* 39 Iowa 200; *Daws v. Craig,* 62 Iowa 515; *Kenosha Stove Co. v. Shedd,* 82 Iowa 540; *Livermore v. Maxwell,* 87 Iowa 705; *Nashua Trust Co. v. Edwards Mfg. Co.,* 99 Iowa 109; *Jenks v. Shaw,* 99 Iowa 604. Section 2925, Code of 1897 (Section 10105, Code of 1924), provides as follows:

"No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless recorded in the office of the recorder of the county."

The appellee, as mortgagee, was a purchaser, within the meaning of the statute. *In re Estate of Gill,* 79 Iowa 296; *Weare & Allison v. Williams,* 85 Iowa 253.

If Donald, after the transfer of the $4,000 note, had satisfied of record the mortgage securing it, although without the authority of the holder of the note, and the appellee, relying upon the record, had made the loan and taken the mortgage in suit without notice of appellant's claim, it is well settled that the rights of appellee would have been superior to any claim on the part of the holder of the note under the canceled mortgage. *Bank of the State of Indiana v. Anderson,* supra; *Cornog v. Fuller,* 30 Iowa 212; *Bowling v. Cook,* supra; *Daws v. Craig,* supra; *Day v. Brenton,* 102 Iowa 482.

But Donald in fact did less than this. Instead of satisfying the mortgage, he merely, by agreement, subordinated it to the mortgage of appellee. All rights incident to a junior lien were preserved to the mortgage securing appellant's note. If he might, by an unauthorized cancellation of the mortgage, have made it possible for an innocent purchaser to have acquired rights superior to those of appellant, we see no reason why he

might not, by express agreement, subordinate the mortgage standing in his name of record to that of appellee, as against the appellant, in the absence of notice to the former that Donald was not the holder of the debt secured by the mortgage to him. Appellant, in the absence of actual notice, could only be protected against subsequent purchasers or mortgagees by procuring an assignment of the mortgage and placing it of record. *Cornog v. Fuller,* supra; *Parmenter v. Oakley,* 69 Iowa 388; *Livermore v. Maxwell,* 87 Iowa 705.

By failing to have an assignment of the mortgage of record, appellant placed it in the power of Donald to subordinate the lien of the mortgage given to him, as shown by the record, to the mortgage given appellee, and to thereby induce appellee to make the loan; and she must bear the consequences. *Livermore v. Maxwell,* supra; *Keefe v. Cropper,* 196 Iowa 1179.

While this disposes of the principal question presented, some other considerations are urged that require mention.

II.  It is said that the agreements signed by Donald on the margin of the record, not being acknowledged, did not impart constructive notice. This may be conceded. But they did not depend for their validity upon notice to appellant. They were valid as between the parties, the appellee and Donald, the holder, as shown by the record, of the mortgage subordinated to appellee. Donald, as has been said, foreclosed his mortgage in the interest of appellant, and without asserting any lien superior to that of appellee. The land was sold under the decree in that case, the sheriff's certificate assigned to appellant, and she took a sheriff's deed; but she did not change her position to her detriment in reliance upon any claimed superiority of her lien over that of appellee. She is in no worse position, holding title by a sheriff's deed upon sale under a junior lien, than she was as the holder of a junior mortgage.

III.  After the execution of appellee's mortgage, Hedges defaulted in the payment of interest, and foreclosure proceedings were commenced. This former action to foreclose was dismissed on the execution by Hedges of another set of commission notes, secured by mortgage, and the execution of notes for $1,500, also secured by a mortgage on the land. These obliga-

2. USURY: usurious transactions: subsequent agreements: effect.

tions were exacted by appellee as a condition of dismissing the foreclosure and allowing the original loan to run. Hedges paid $500 of the amount secured by the last mentioned mortgage, and the mortgage was foreclosed for the balance due.

The appellee makes no claim under the second set of commission notes, and the court below canceled them and the mortgage securing them. The lien of the $1,500 mortgage and the judgment upon its foreclosure is junior to the lien held by appellant. This, too, is not questioned. Appellant's claim in connection with these transactions is that thereby the original note and mortgage were tainted with usury, and that she is entitled to the benefit of that plea.

Hedges, the maker of the instant note and mortgage, presents no such plea, and indeed the present action was dismissed as to him. He made no such defense in the action to foreclose the $1,500 mortgage.

In the first place, the original contract, as made,—the notes and mortgages sued on,—had no taint of usury; and the subsequent contracts by which forbearance on the part of appellee to insist upon an accelerated maturity of the original obligation was secured, if usurious, did not taint it. *Mallett v. Stone*, 17 Iowa 64; *Sexton v. Murdock*, 36 Iowa 516; 39 Cyc. 992.

Furthermore, the plea is not available to the appellant, a mere junior lien holder, and one not a party nor privy to the contract. *Powell v. Hunt*, 11 Iowa 430; *Carmichael v. Bodfish*, 32 Iowa 418.

3. USURY: rights of parties: defense not available to third party.

We conclude that the decree below was right, and it is—*Affirmed*.

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.