**LEVITCH v SCHAENGOLD et**

Ohio Appeals, 1st Dist, Hamilton Co

Decided December 7, 1931

H. P. Karch, Cincinnati, for plaintiff in error.

Strother, Greenberg & Schubert, Pogue, Hoffheimer & Pogue, and Fred Weiland, Cincinnati, for defendants in error.

HAMILTON, J.

The question here for determination is, whether or not Maurice Levitch under the facts stated can avail himself of the defense of usury.

It is conceded that the fourth mortgage, which was in the sum of $4,500, was given as a bonus for procuring the loan of the third mortgage in the sum of $25,500. There is some evidence tending to show that the $4,500 note and mortgage were given for services in procuring the loan of $25,500. Whether or not the services would remove any taint of usury it is not necessary to determine in this case. No personal judgment is sought by the owners of the second, third, and fourth mortgages against Levitch. The foreclosure is against The Federal Finance Company, the grantee of the mortgagor. The Federal Finance Company, who purchased the real estate subject to the mortgage liens and as a part of the consideration agreed to pay the mortgage debt, cannot defend against the mortgages on the ground of usury. See **Cramer v Lepper et al, 26 Oh St 59.** So that we have the situation here of foreclosure against the property owned by grantee of the mortgagor and since such grantee cannot defend against the mortgages on the ground of usury, there was no error in excluding the

evidence as to usury, since no personal judgment was asked as against the mortgagor. Schaengold sought a personal judgment against Levitch. He took judgment against Levitch for the amount of money paid to the mortgagor at the time of the execution of his mortgage, and no exception was taken.

It is argued that Schaengold, a junior mortgagee, has the right to set up usury as against the prior mortgages, for the reason that the prior mortgages would exhaust the property if paid in full, and that by purging the prior claims of usury, it would thereby enhance the value of his mortgage.

Schaengold did not file a petition in error nor cross-petition in error to raise the question in his behalf. However, passing that point, he is not in a position to challenge the mortgages on the ground of usury. He, with full knowledge of all the prior mortgages including the mortgages in question, took his mortgage subject thereto.

In the case of **Jones v Insurance Co, 40 Oh St 583,** the court held under facts similar to those in the case under consideration that the defense of usury is not available to such junior mortgagee. In the course of the opinion the court said:

"With full knowledge of the mortgage held by the defendant in error, and of his grantor's agreement with Wallace to pay the mortgage and interest notes, he purchased the property at an agreed price and value, and, if his grantor failed to pay off the incumbrances thereon, according to his promise, he must have recourse to him for redress. But, a failure to discharge such incumbrances does not warrant the taking of the usurious interest from the defendant in error, and placing it to the credit of one who is virtually a stranger to the usurious transaction."

Applying this pronouncement to the case under consideration: To permit Schaengold to defend on the ground of usury of a prior mortgagee, would be the taking of the usurious interest of a prior mortgagee and placing it to the credit of the junior mortgagee, who is a stranger to that usurious transaction, thus enhancing the value of his own usurious mortgage.

Counsel for plaintiff in error cite in the brief some cases from Kentucky and some text book authorities to the effect that a junior mortgagee is entitled to contest prior mortgages on the ground of usury. However, the weight of authority and the rule in Ohio is that the defense of usury is personal to the debtor, and not available to the holder of a junior mortgage, taken with

full knowledge of the existing prior mortgage.

See: Stickney v. Moore, 108 Ala., 590; Union Bank v. International Bank, 123 Ill., 510; Ready v. Huebner, 46 Wis., 692; Bank v. Kiklasson, 116 Neb., 713; Squire v. Hedges, 200 Iowa, 877; Hibernian Bank Association v. Davis, 293 Ill., 537.

It is suggested in the brief of plaintiff in error that notwithstanding the waiver of a personal judgment against Levitch in the pending suit, he is still liable to such action, and, is, therefore, entitled to be protected and to defend on the ground of usury. Whether or not Levitch could avail himself of the defense of usury, in case a personal judgment is sought, we do not now determine.

Plaintiff in error suggests that since Schaengold does seek a personal judgment that he is affected in such a way as to make the defense of usury as to the other mortgages available to him. If Schaengold could not defend on the ground of usury as to prior mortgages, neither may Levitch do so, as this would be but an indirect method of presenting the defense of usury for the benefit of the junior mortgage holder as against the prior mortgages.

We find no error in the record, and the judgment is affirmed.

ROSS, PJ and CUSHING, J, concur.