## McCLURE v. BURRIS et al.

*Appeal from Louisa District Court — Tuesday, June 14.*

SATISFACTION OF MORTGAGE — THE MAJORITY OPINION IN THE BANK OF THE STATE OF INDIANA v. ANDERSON, 14 IOWA, 544, FOLLOWED.

On the 23d of January, 1856, one Coleman executed to the defendant, N. W. Burris, three promissory notes for $600 each, payable in six, nine and twelve months, and executed a mortgage on certain real

estate in Louisa county, which was duly recorded, to secure the payment of the notes. On the 11th day of February, 1856, Burris sold and assigned said notes to the plaintiff, McClure. On the 1st day of December, 1856, Burris caused satisfaction of the mortgage to be duly entered on the margin of the record. On the 3d day of December, 1856, Coleman and wife conveyed the same real estate in fee to Burris, who, on the same day mortgaged it to the defendants, Beatty and Clement, to secure about $2,000, and, afterwards, on the 20th day of February, 1857, sold and conveyed the same in fee to defendant Taylor; all of which instruments were duly recorded on or about their respective dates.

At the March Term, 1858, of the District Court for Louisa county, McClure brought suit against Coleman alone to foreclose the mortgage given to Burris to secure the three notes assigned to McClure, and obtained a decree at that term. At the same term Beatty and Clement brought suit against Burris and Taylor only to foreclose the mortgage given by Burris to them. Decrees were rendered in both cases on the same day. Sales were had under the respective decrees at which the respective mortgagees became purchasers; that of Beatty and Clement being first in point of time.

Afterwards, and in August, 1859, McClure having discovered the record entry of satisfaction of his mortgage, and the subsequent conveyance to Burris, and mortgage to him by Beatty and Clement, and their subsequent foreclosure thereof, of all which he claims to have been ignorant till then, brought this suit to set aside the entry of satisfaction, remove the cloud upon and quiet his title to the land. No notice other than as implied from the records is shown.

The District Court dismissed the petition absolutely, and plaintiff appeals.

The conclusion of the Court was announced by—

COLE, J.—This case involves the identical question decided in the case of *The Bank of the State of Indiana* v. *Anderson and others*, 14 Iowa, 544. The decision in that case was made by a majority of the court as then constituted, Mr. Justice LOWE, who still adheres to the same opinion, dissenting. As an original question, it is full of difficulty. In behalf of the plaintiff McClure, it may be said that his right is clear, under the well recognized rule that where the *equities* are equal the prior *legal* right shall prevail. While the defendants, Beatty & Clement, may with like confidence claim the application of an equally well settled rule, that when one of two innocent parties must suffer by the wrongful act of a third person, he must suffer who placed (or left) it in the power of such third person to do the wrong.

McClure has equal equity and the prior legal right, while by his failure to take an assignment of the mortgage, and have the same duly acknowledged and recorded, he placed (or left) it in the power of Burris to do the wrong. However, the two new members of the Court, as now constituted, might view the case as an original question, they content themselves with obedience to the doctrine of *stare decisis.* The later cases accord with that in 14th Iowa. *The Executors of Swartz* v. *List,* 13 Ohio S. R., 419 (decided in 1862); *Ely* v. *Scofield,* 35 Barb., 330.                                                      Affirmed.

*C. H. Phelps* for the appellants — *J. S. Hurley* for the appellee.