## Archibald P. Newton and another v. Angus McKay and another.

*Construction of written instruments.* In construing a written instrument the whole writing is always to be considered, and the intent will not be defeated by false English or irregular arrangement, unless the defect is so serious as absolutely to preclude the ascertainment of the meaning of the parties through the whole document and such extrinsic aids as the law permits.

*Deeds: Grantee: Construction.* To constitute a valid conveyance the grant must undoubtedly in some way distinguish the grantee from the rest of the world; but if, upon a view of the whole instrument, he is pointed out, even though the name of baptism is not given at all, the grant will not fail; and it is not indispensable that his name, if given, should be inserted in the premises.

*Deeds: Grantee.* An awkward and unskillful conveyance, which does not name any one as grantee otherwise than in the premises, as follows, viz.: "This indenture, made and agreed to between Jacob Sammons of the first part, and F. H. Genereaux of the second part," etc., but which does expressly name said Sammons as grantor, sufficiently points out and identifies Genereaux as the grantee, so that the instrument, after delivery and entry under it, cannot be held on that ground to be of no effect as a conveyance.

*Submitted on briefs January 9.    Decided January 27.*

Error to Cheboygan Circuit.

*W. S. Humphrey* and *Atkinson & Hawley,* for plaintiffs in error.

*L. S. Trowbridge,* for defendants in error.

GRAVES, CH. J.

This was ejectment by the plaintiffs to recover part of a lot in Cheboygan. The cause was tried by the court sitting without a jury. Both parties derived title from Jacob Sammons.

---

*Judge Christiancy was absent during most of this term on account of sickness in his family.

The plaintiffs claimed under a recorded grant from him to one Genereaux, of May 1, 1852, and the defendants under a deed made by Jacob Sammons to his son, Francis M. Sammons, on the 24th of September, 1859. The court gave judgment for the defendants on the ground that the grant to Genereaux was void for uncertainty. That instrument, as set forth in the record, was as follows:

"Jacob Sammons and wife to F. H. Genereaux.

"This indenture made and agreed to between Jacob Sammons of the first part, and F. H. Genereaux of the second part, both of Michigan, and the county of Mackinaw, witnesseth: that the said party of the first part for and in consideration of the sum of fifty dollars, to him in hand paid by the party of the second part, the receipt whereof is hereby acknowledged and confirmed, this first day of May, one thousand eight hundred and fifty-two, do grant, bargain, sell and convey, and does by these presents bind his heirs, executors, administrators and assigns, all that certain tract or parcel of land being and known as lot number forty-one (41), in the village of Cheboygan, together with all singular, and the appurtenances thereunto belonging, for himself, his heirs and assigns, to have and to hold forever, and will warrant and defend against whomsoever.

"In testimony whereof we have hereunto set our hands and seals the day and year above written.

JACOB SAMMONS.<br>CHLOE ANN SAMMONS.

"Signed, sealed and delivered in presence of W. A. Barr, William A. Rice."

It appears that this instrument was delivered to Genereaux, and that he went into possession under it. The objection taken to it is that no grantee is certainly named or sufficiently described to entitle it to effect as a conveyance.

It is undoubtedly true that to constitute a valid conveyance, the grant must in some way distinguish the grantee from the rest of the world. But it is equally true, that

if upon a view of the whole instrument he is pointed out, even though the name of baptism is not given at all, the grant will not fail. The whole writing is always to be considered, and the intent will not be defeated by false English or irregular arrangement, unless the defect is so serious as absolutely to preclude the ascertainment of the meaning of the parties through the means furnished by the whole document and such extrinsic aids as the law permits.

It is not indispensable that the name of the grantee, if given, should be inserted in the premises. If the instrument shows who he is, if it designates him, and so identifies him that there is no reasonable doubt respecting the party constituted grantee, it is not of vital consequence that the matter which establishes his identity is not in the ·common or best form, or in the usual or most appropriate position in the instrument.

The grant before us is very awkward and unskillful. It was evidently drawn by a person unacquainted with the principles of conveyancing, and yet having some knowledge of the phraseology commonly used in deeds. But notwithstanding its infelicity of arrangement and its numerous shortcomings, it seems to me that it is not invalid for the uncertainty alleged against it. True, no one is expressly named or described as grantee in the premises or subse-·quent parts of the instrument. But no person can escape the impression that the paper was meant to be an actual and lawful grant to Genereaux. It was not prepared, executed, acknowledged and delivered as an idle ceremony. It describes Sammons as being the party of the first part, and Genereaux as being the party of the second part. The nature of the act to be consummated, and the writing got up as an instrument of conveyance to effect the consummation, explain the sense in which Sammons is called the party of the first part, and Genereaux the party of the second part. When we reflect that the parties were by this paper seeking to effect a transfer of land from one to the other, ·these expressions of party " of the first part," and party "of

the second part" very plainly convey the idea that the former was grantor and the latter grantee.

There is no uncertainty about the grantor. Sammons is expressly so described. He is also party of the first part. He was therefore party of the first part and grantor. So much is absolutely certain. There was no one contemplated as grantee except the other party, the party " of the second part," Genereaux; and in being described as the party "of the second part," in the conveyance in which Sammons is described as the party of the first part and grantor, he is pointed out and identified as the grantee. It may not be amiss to notice another peculiarity of this document as it appears in this record. It is entitled, and the title imports that the conveyance was by Sammons and wife to Genereaux. Without pausing to elaborate the point, it is sufficient to say that the instrument imports upon its face to be a grant from Sammons to Genereaux.

If correct in this view, the judgment must be set aside, with costs, and a new trial ordered.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.