## MERRILL V. LUCE et al.

1. An assignment of a real estate mortgage is a proper instrument for record. Comp. Laws, sec. 4360.

2. Such mortgage and the assignment thereof are "conveyances" within the meaning of the term as used in sections 3293, 3294, Comp. Laws, which provide that "every conveyance of real property * * * is void as against any subsequent purchaser or incumbrancer * * * of the same property or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded," and "the term 'conveyance' as used in the last section, embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged or incumbered, or by which the title to any real property may be affected, except wills, etc.

3. The effect of these sections is to make an unrecorded assignment of a mortgage void as to subsequent purchasers or incumbrancers of the mortgaged premises in good faith and for a valuable consideration, whose conveyances are first recorded.

4. Where a real estate mortgage, given to secure a non-negotiable note, is assigned to a purchaser of the same, who fails to put such assignment on record, and the mortgagee, notwithstanding such assignment, forecloses such mortgage, sells the mortgaged premises, and the subsequent grantee of the mortgagor redeems the same within the statutory time, without notice or knowledge of such assignment, but in good faith relying upon the record and the right of the mortgage to so foreclose, such grantee and redemptioner takes the title to the mortgaged premises free from the lien of such mortgage.

5. One who, under the same conditions, furnishes money to make such redemption, taking a mortgage upon the premises to secure the same, takes his mortgage thereon, freed from the lien of the first mortgage.

(Syllabus by the Court. Opinion filed Dec. 6, 1894.)

Appeal from circuit court, Lake county. Hon. FRANK R. AIKENS, Judge.

Action by Mary E. Merrill against Herman N. Luce and others to foreclose a mortgage executed to the American Mortgage & Investment Company, and by it assigned to plaintiff. From a judgment and decree for defendants, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Winsor & Kittredge*, for appellant.

The only effect of the recording of an assignment of a mortgage is to protect the purchaser against a subsequent sale of the mortgage by its apparent holder. Crane v. Turner, 67 N. Y. 437; Van Keuwia v. Corkin, 66 N. Y. 77. The failure to record the assignment does not blot out the record of the mortgage. Campbell v. Vedder, 3 Keyes, 374; Jones on Mortgages, sec. 566. After an equitable assignment of the mortgage by an endorsement of a negotiable note secured thereby a payment to the assignee and a discharge by him will not discharge the mortgage. Cutler v. Haver, 8 Pick. 490; Gorden v. Mulhave, 13 Wis. 22.

*H. H. Keith* and *Robert J. Gamble*, for respondents.

A mortgage to a corporation can only be assigned by the authority of such corporation, and an attempted assignment by an officer of such corporation is void. Cook Stock & Stockholder, sec. 716; Blood v. Marcuse, 38 Cal. 590; Halowell v. Hamlin, 14 Mass. 178; Frost Nat. Bk. v. Lucas, 31 N. W. 805; Titus v. Cairo, 37 N. J. L. 93; Smith v. Lawson, 18 W. Va. 212; Marine Bank v. Clements, 3 Bosw. 600. The transfer of an instrument in form negotiable by written assignment on the back thereof renders the instrument non-negotiable in the hands of the assignee, and such assignee is not a holder in good faith in the usual course of business. Hatch v. Barrett, 8 Pac. 126; Aniba v. Yeomans, 39 Mich. 171; Omaha v. Walker, 2 McCrary 565; Central v. Bank, 11 Otto 68. The assignment of a mortgage of real property is a conveyance and unless duly recorded is void as to subsequent purchasers and incumbrancers of the mortgaged premises without notice. Bank v. Anderson, 14 Iowa 544; Cornog v. Fuller, 30 Ia. 212; Bowling v. Cook, 39 Ia. 200; Ogle v. Turpin, 102 Ill, 148; Warner v. Winslow, 1 Sand, ch. 430; Van Kensen v. Corkin, 66 N. Y. 77; Bacon v. Van Schoonhoven, 87 N. Y. 446; Williams v. Jackson, 107 N. S. 478; 1 Jones Mortgages sec. 956; Reed v. Mable, 10 Paige 409; James v. More, 2 Cow, 258; Foster v. Beals, 21 N. Y. 247.

KELLAM, J. This appellant, as plaintiff in the court below, brought this action as assignee of a note and trust deed given to secure the same, which, for facility of expression,. we shall, as counsel do, call a "mortgage." The respondents Walker claim to hold the premises described in the mortgage as innocent purchasers from the respondent Luce, who was the mortgagor, and as redemptioners from the sale of the mortgaged premises under a previous foreclosure of said mortgage made by the mortgagees named in the mortgage. Respondents Potter and Parrish claim to be the innocent holders of a mortgage for $2,500, given on said premises, after such foreclosure sale, by said Luce; alleging that the $2,500 for which such mortgage was given was loaned for the purpose of, and was actually used in making the redemption of said premises from such foreclosure sale. The respondent, the American Mortgage & Investment Company was the original mortgagee or beneficiary in the trust deed. E. H. Jacobs, the trustee therein named, and S. W. Jacobs, his successor in trust, were officers of said American Mortgage & Investment Company. Matthew W. Daly was the general assignee of said mortgage and investment company, and respondent Lee the Sheriff who made the foreclosure sale. Other respondents who were named as defendants were alleged to severally claim interests in the mortgaged premises subordinate to those of appellant. Their rights were derived from, and must stand or fall with, those of the principal defendants and respondents, Walker. Upon the trial the court gave judgment against appellant upon findings of fact duly filed, and this appeal is from such judgment. The record is quite long, and only such portions of it will be referred to as have a bearing upon, and will assist in determining, the one main question: Did the foreclosure of this mortgage by the original mortgagee, under the facts disclosed, bar this subsequent action for the same purpose by appellant, as the alleged assignee thereof?

One line of appellant's argument is based upon the theory that the mortgage note in this case was a negotiable note, so

that when it passed to appellant before maturity, for a valuable consideration, she took it free from defenses of which she had no notice, and that the mortgage, as incidental thereto, partook of the same character of negotiability. Neither a copy nor the form of the note, nor a statement of what purports to be its contents, is given in the record. We shall therefore be compelled to assume, if necessary to support the judgment, that the note was non-negotiable, as every intendment and presumption consistent with the record is in favor of the correctness of the judgment. This is but another form of expressing the established rule that error will not be presumed, but must be affirmatively disclosed. Kent v. Insurance Co., 2 S. D. 300, 50 N. W. 85, and cases there cited.

Respondents raise a question as to the efficacy of what is claimed as the assignment from the mortgage and investment company to appellant to invest her with the title to the note and mortgage; but, for the purpose of what we have now to say, we shall assume that by such assignment she became the real and legal owner of the mortgage. The assignment was in writing, but was not recorded until long after the foreclosure by the mortgagee, the redemption of the premises therefrom, the giving of the second mortgage to Parrish and Potter, and the conveyances under which the other respondents claim.

The facts, then, the legal effect of which we have now to determine, are these: The respondent the American Mortgage & Investment Company, and the mortgagee of the mortgage in question sold and indorsed the note which it was made to secure, and in writing assigned the mortgage itself, to appellant Merrill. Afterwards the said mortgagee foreclosed the mortgage, and sold the premises thereunder. During the year of redemption, Luce, the mortgagor, conveyed the mortgaged premises to respondent Walker. Prior to such conveyance to Walker, he, Luce, executed to respondents Parrish and Potter a mortgage upon the same premises for $2,500, which, it would seem, was made for the purpose of obtaining money to redeem

the premises from the foreclosure sale. The money realized from this mortgage was paid to Walker, he taking the title to the premises, subject to said mortgage, and he used the money in making the redemption. Parrish and Potter furnished the money, and took the mortgage upon the understanding and belief that such redemption, when made, would leave the title in Walker, unincumbered by this mortgage, which had, in form at least, been foreclosed. Neither Luce nor Walker, nor the other respondents claiming under them, had any knowledge that the note and mortgage had been transferred by the mortgagee, the assignment not having been placed on record until long subsequently, nor did the appellant have any knowledge of such foreclosure until after it had occurred. The testimony was sharply conflicting as to whether the mortgagee or the appellant, as assignee, had possession of the note and mortgage during the time intermediate that of the assignment and the foreclosure sale and redemption. The fact is probably not important, except as it bears evidentially upon the good faith and diligence of Luce and Walker in treating the mortgage as properly and authoritavely foreclosed by the mortgagee, and in making redemption from the sale thereunder. The court finds as a fact that such redemption was made in good faith. If the fact of the presence of the note and mortgage as in the possession of the mortgagee during the progress of the foreclosure proceedings and at the time of the redemption is involved, it is sufficient to say that the evidence does not strongly preponderate against an affirmative conclusion. It may be proper to add that the distinct question of who had possession of the note and mortgage on the 3d day of June, 1887, the date of the foreclosure sale, was by the court submitted to a jury, who answered that they were then in the possession of the American Mortgage & Investment Company. In its findings of fact the court says that it "does not accept the verdict of the trial jury as binding, but disregards the same." This is not equivalent to affirmatively finding otherwise, but might have been disre-

garded, because the court did not regard the fact as an issue in the case, or essential to its determination upon the theory upon which it decided the case. Respondents must th·refore be considered as having acted in good faith, and without knowledge of any facts putting upon them the duty of further inquiry.

While not assigned as error, appellant in her argument raised the objection that the findings of the court did not pass upon all the issues, and are therefore inadequate to support the judgment rendered; but the neglected issues mentioned by appellant, such as whether appellant bought the note and mortgage as alleged in the complaint, whether they were properly assigned to her, and whether she was the owner of the same at the time of the alleged foreclosure by the mortgagee, became unimportant under the construction which the trial court evidently put upon the recording acts of this state. And this question—the effect of the failure to record the assignment of the mortgage upon subsequent *bona fide* purchasers of the mortgaged premises, who bought upon the strength of the record showing such mortgage to have been foreclosed or discharged by the mortgagee—we shall now examine as the pivotal point in this case. The assignment of the mortgage was a proper subject and instrument for record. Comp. Laws, sec. 4360. The section is brief and is as follows: "The assignment of a mortgage may be recorded in like manner as a mortgage, and such record operates as a notice to all persons subsequently deriving title to the mortgage from the assignor." Appellant contends that this section specifically defines the effect, and the only effect, of recording the assignment, and limits it to purchasers of the mortgage itself. It is more than probable that this particular section was designed to define the rights of persons purchasing the mortgage itself, and not the rights of those purchasing the premises covered by the mortgage; and if this section constituted the entire law upon the subject of the rights of those dealing with the mortgaged premises the question now before us would not be very difficult of solution.

While the courts cannot assume legislative functions, and make a law, because in their judgment such law would be convenient and helpful in the accomplishment of an object recognized by the general law as desirable, still the courts may, and ought to, read and interpret such laws as the legislature has made in the light or view of an obvious general plan or system upon which such laws are founded, or of which they are a part. The purpose and object of our system of laws for the recording of written instruments affecting the title to real estate cannot be misunderstood. It is to give notice in the manner most likely to prove efficacious, to all who are or may become interested, of such contracts and agreements between parties as may affect the title to such real estate, or the rights and liabilities of parties who may deal in or with reference to it. To this end it is provided; in this and other states, that "every conveyance of real property, other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or incumbrancer, including an assignee of a mortgage, lease or other conditional estate, of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." "The term 'conveyance' as used in the last section embraces every instrument in writing by which any estate or interest in real property is created, aliened, mortgaged or incumbered, or by which the title to any real property may be affected, except wills, executory contracts for the sale or purchase of real property, and powers of attorney," Comp. Laws, §§ 3293, 3294. A mortgage, although in this jurisdiction it does not convey the title to the thing mortgaged, is, within the meaning of the recording acts, a covenance. See under this same section, Hassey v. Wilke, 55 Cal. 528. So, too, an assignment of a real estate mortgage is a "conveyance" within the meaning of the term as used in the recording act. This has been repeatedly held in New York, under a law of which our section 3294 is an exact reprint. In Decker v. Boice, 83 N. Y. 220, the court said: "It is doubtless somewhat incongruous

in view of the doctrine, now well settled in this state, that a mortgage is a mere security, and not a title, to define it as a conveyance of an estate or interest in the land mortgaged; but the character of mortgages as mere choses in action was not as well understood when the revised statues were enacted as it has since been. By the common law a mortgage was a conditional conveyance of the land mortgaged, and it still is a conveyance within the recording act. An assignment of a mortgage in writing is also a conveyance within the act, for the reason that it is an instrument by which the mortgagee's interest or title is transferred." See, to same effect, Vanderkemp v. Shelton, 11 Paige 28; Bacon v. Van Schoonhoven, 87 N. Y. 450; Westbrook v. Gleason, 79 N. Y. 23. Michigan has precisely the same section, and the term "cónveyance" is held to include "mortgages and the assignments thereof." Burns v. Berry, 42 Mich. 176, 3 N. W. 924. The same is held to be the law in Wisconsin, under provisions the same as ours in substance, but slightly different in phraseology. Fallas v. Pierce, 30 Wis. 443; Girardin v. Lampe, 58 Wis. 267, 16 N. W. 614. In Jones on Mortgages (section 472) it is said: "The registration laws, and the doctrines of priority by record, generally extended to assignments of mortgages as well"; referring to many cases to support the text. With this understanding let us rewrite section 3293, Comp. Laws, making it applicable to the facts in this case. "Every assignment of a mortgage on real property * * * is void as against any subsequent purchaser or incumbrancer * * * of the same property * * * in good faith and for a valuable consideration, whose conveyance is first duly recorded." We are unable to see why the practically conceded facts in this case do not meet all the conditions named. Appellant took from the mortgagee a written assignment of a real estate mortgage. It was not recorded. Walker and Parrish and Potter were, one a subsequent purchaser, and the others subsequent incumbrancers, in good faith and for a valuable consideration, and their conveyances were

severally recorded prior to the assignment. The effect of these facts, as declared by this section, is to make the assignment void as to them. If so, their rights were the same as though it had not been made. From Bacon v. Van Schoonhoven, supra, we quote as follows: "The assignments of the mortgage are also conveyances within the act. This is well settled by authority, and such assignments, if not recorded, are void, not merely as against subsequent purchasers of the same mortgage, but also as against subsequent purchasers of the mortgaged premises whose interests may be affected by such assignments, and whose conveyances are first recorded."

Appellant cites Jones on Mortgages, and cases referred to by him, as teaching a contrary doctrine, but a careful reading of the context from which the citations are made shows that the author is not undertaking to state the law upon facts like those now before us. The section first cited is 474, in which it is said: "As against subsequent purchasers of the premises, or the holders of subsequent mortgages upon them, the record of a prior mortgage is sufficient notice of its existence, without the record of an assignment of the mortgage to one who has purchased it. The failure to record the assignment does not blot out the record of the mortgage." This is undoubtedly true. The simple failure to record the assignment does not of itself affect the lien of the mortgage, and so the consequence of which this proposition is only preliminary follows: if a mortgagee takes title to the mortgaged premises after he has assigned the mortgage, there is no merger of the mortgage, and the mortgage, although the assignment is unrecorded, is still a lien against a subsequent purchaser of the premises who purchased upon the theory and belief that the mortgagee still held the mortgage, and that, consequently, it became merged in his title and so discharged. It is with reference to such conditions that the author says; "That knowledge and notice (from the record) made it his (the purchaser's) duty, in the exercise of a proper diligence, to inquire whether his vendor, the mortgagee,

was still the owner and holder of the mortgage; and his omission to make that inquiry deprives him of the protection of a *bona fide* purchaser." And these are the conditions upon which the cases were decided which are cited in support of the text. One of these cases,—Jones v. Smith, 22 Mich. 360,—it seems to us, is directly against the doctrine which appellant draws from the sections cited, for it states, as established law, that until notice of assignment, actual or constructive, the mortgagor may treat the mortgagee as the owner of the mortgage, unless the mortage is given to secure negotiable paper transfered before due. As already noticed, the mortgage note in the case before us is not shown to be negotiable, and under this rule, respondents having no notice of the assignment, actual or constructive, were entitled to deal with and regard the mortgage and investment company as the owner of the mortgage and entitled to foreclose it. Mr. Jones very definitely states his understanding of the law which we think controls this case, in section 957 of the work already cited. He says: "An entry of satisfaction by a mortgagee, after he has parted with his interest in the security, will not discharge the mortgage in favor of one who had acquired an interest in the land before the discharge was made. He is no worse off than he supposed himself to be when he acquired his interest; and there is no reason in equity why the person really entitled to the mortgage should not have the benefit of it so far as he is concerned. But the case is quite otherwise when one has purchased the land in good faith after such entry of satisfaction, and relying upon it, having no notice of the assigment, or of any want of authority in the making of such entry. The effect of the discharge cannot be avoided as against him."

We are satisfied that the provisions of our recording laws were intended to have, and therefore shouid be given, the effect we have indicated. There is no hardship in requiring a party taking a mortgage by assignment to give notice of the same through the easy and inexpensive means of the public records,

and thus put interested parties in position to know with whom and how they may safely deal with respect to the mortgaged premises. On the other hand, it would be a hardship and unreasonable to require all persons to deal with the same at their peril unless they should succeed in tracing the mortgage through the devious and unmarked channels of written and verbal assignments, and finally locating it in the physical possession of the last and real owner. In many cases it would be practically impossible to do this. To hold as asked by appellant would make the dealing in mortgaged premises extremely hazardous, without any corresponding advantage to anybody. We think the judgment of the circuit court was right, and it is affirmed. All the judges concurr.