CATHARINE HEYROCK *vs.* WM. SURERUS, *et al.*

Opinion filed November 1, 1899.

**Cancellation of Deed—Fraud.**

> The evidence in this case on the part of plaintiff is not of that satisfactory character that will warrant a court in setting aside a deed of real estate on the ground of fraud.

Appeal from District Court, Pembina County; *Pollock, J.*

Action by Catharine Heyrock against William Surerus and John D. Geiger. Judgment for plaintiff, and defendants appeal. Reversed.

*Burke & Vick,* for appellants.

*W. J. Kneeshaw* and *M. Brynjolfson,* for respondent.

BARTHOLOMEW, C. J.   Plaintiff seeks to have a deed to a quarter section of land in Pembina county, which she executed and delivered to the defendant Surerus, set aside on the ground of the fraud of the purchaser at the time the contract was made.   The plaintiff acquired the land under the pre-emption laws, prior to 1885.   At that date she returned to Canada, leaving the land in charge of her brother, John Heyrock, with the understanding that he should proceed to put the same in a state of cultivation, pay the taxes, and hold the farm until the proceeds repaid him for his outlay.   At that time there was but a small amount broken.   The brother held the land until January, 1896, when it was purchased by the defendant Surerus at the plaintiff's home in Canada.   It is alleged that defendant, to induce plaintiff to sell the land, falsely stated its value and its condition, and that John Heyrock had received enough out of the farm to repay him all of his outlay.   The answer denies all fraud.   There was a decree for plaintiff, and the defendants appeal.   Defendant Geiger is a purchaser from Surerus.   The case comes to this court for trial de novo on the testimony, and there is practically no question of law involved.   Our conclusions from the testimony, which we have carefully considered, are directly opposed to those of the trial court.

Fraud will never be presumed.   It must be shown by satisfactory evidence.   This is elementary, and is specially true where a party seeks to avoid his own solemn and deliberate deed.   Plaintiff fell far short of meeting these requirements.   She did not make out a prima facie case.   We are not warranted in reviewing the testimony at any length, but will notice a few points.   Plaintiff testifies: "I had been dissatisfied with the sale, because my brother John had not got his pay out of it, and that was the only reason I bring this suit."   But had defendant Surerus deceived her on that point? She swears: "I told him that I did not want my brother to lose anything if I sold the land.   He said he had made his pay out of the land; that the use of the land was worth more than that; and

that he was well paid." But it is too obvious for discussion that defendant's statement was simply an opinion. He did not know, or pretend to know, what the brother had expended or received. He simply gave his opinion that the use of the farm for the years must have repaid the expenditure,—a matter of which plaintiff might be as competent to judge as defendant, and ·upon which she had ample opportunity to inform herself. No fraud can be predicated upon any such statements. *Heald* v. *Yumisko,* 7 N. D. 422, 75 N. W. Rep. 806, and cases cited. Again, on the question of value. The purchase price was $950. The defendant Surerus represented that as a fair price for the land. But the deal was not made on his representations alone. Plaintiff's brother John, less than two months before, had written to her desiring to purchase the farm, and offered to pay $700 therefor. Further, plaintiff's evidence shows that one Reckbiel, a former resident of North Dakota, and well acquainted with the land, was then living near plaintiff in Canada. Plaintiff's brother William, with whom she lived, interviewed Mr. Reckbiel on the subject before the deed was given, and he reported that plaintiff was getting a good bargain. Further, her evidence shows that when the bargain was closed Surerus returned to his home in Pembina county without a deed; that he had the deed prepared then, and sent it to Canada; that John Heyrock saw him, and objected to his buying the land; that he told John to telegraph to his sister not to sign the deed; that John did so telegraph, and his dispatch was received before the deed was signed; that thereupon the members of the family in Canada consulted over the matter, and plaintiff signed and forwarded the deed. During all the years John Heyrock had held the land plaintiff had received nothing therefrom. She was anxious to sell. It was fully three weeks from the time the negotiations began until the deal was closed by the delivery of the deed. She had ample time and opportunity to inform herself. Following the weak case made by plaintiff, was the evidence of defendants and their witnesses, wherein all fraud and false statements were expressly denied, and the evidence tended strongly to show that every statement made by defendant Surerus concerning the condition of the land and its value, and as to John Heyrock having received enough from the farm to repay his outlay thereon, was substantially true. The evidence will be searched in vain for proof that defendant Surerus made any statement, for the purpose of inducing plaintiff to sell the land, that he knew, or had good reason to believe, was false. Under these circumstances, plaintiff cannot be permitted to avoid her deed. The District ourt will vacate its decree, and enter judgment dismissing the complaint, with costs of both courts in favor of appellants.

Reversed.

WALLIN, J., concurs.

YOUNG, J., having been of counsel, did not sit in the case or participate in the decision.