(84 N. W. Rep. 349.)

---

FRED HENNIGES, *et al vs.* JOHN PASCHKE, *et al.*

Opinion filed November 20, 1900.

**Deed—Designation of Grantee.**

A deed of real estate, to be effective as a conveyance of title, must designate a grantee, otherwise no title passes; but it is sufficient if the deed, when construed as a whole, distinguishes the grantee from the rest of the world.

**Sufficient Description of Grantee in a Deed.**

A certain deed of real estate examined, and *held* that it sufficiently describes the grantee, and is valid as a conveyance.

**Failure to Record Assignment of Mortgage—Rights of Subsequent Purchaser.**

> Upon the equitable principle that, where one of two or more innocent persons must suffer for the wrongful act of a third, he must suffer who left it in the power of such third person to do the wrong, it is *Held* that plaintiffs, who are purchasers of certain promissory notes secured by a real estate mortgage, by neglecting to take and place of record an assignment of the same, forfeited their rights under said mortgage as against the defendant, who purchased the mortgaged premises in good faith, and in reliance upon the record title.

**Rights of Bona Fide Purchaser—Conveyances.**

> Assignments of real estate mortgages are conveyances within the meaning of section 3594, Rev. Codes, and under said section, for the purpose of notice, must be recorded, and, if not so recorded, are void as to subsequent purchasers of the mortgaged premises who purchase in good faith and for a valuable consideration, and first record the conveyances.

Appeal from District Court, Walsh County; *Sauter, J.*

Action by Fred Henniges and others against John Johnson and others. Judgment for defendant John Paschke, and plaintiffs appeal. Affirmed.

*J. E. Gray,* for appellant.

The general rule of law is that a deed must designate the grantee, otherwise it is a nullity and passes no title. *Allen* v. *Allen,* 51 N. W. Rep. 473; *Allen* v. *Withrow,* 110 U. S. 119, 28 L. Ed. 90; *Paul* v. *Moody,* 7 Greenl. 455; *Whitaker* v. *Miller,* 83 Ill. 311; *Chase* v. *Palmer,* 29 Ill. 306, 9 Am. & Eng. Enc. L. (2d Ed.) 132, and note; *Hardin* v. *Hardin,* 11 S. E. Rep. 102. The grantee under a quitclaim deed is not a bona fide purchaser. *Finch* v. *Trent,* 24 S. W. Rep. 679; *American Mortgage Co.* v. *Hutchinson,* 24 Pac. Rep. 515. The plaintiff, Henniges, and Bradley are each bona fide holders, for value, before maturity, of the promissory notes, and are entitled to a decree of foreclosure for the amount represented by their notes as against the defendants. *Hollinshead* v. *Stuart & Co.,* 77 N. W. Rep. 89; *Stolzman* v. *Wyman,* 77 N. W. Rep. 285; *Purdy* v. *Huntington,* 42 N. Y. 344. Paschke is not such a bona fide purchaser as will be protected against the lien of plaintiff's mortgage. *Mathew* v. *Jones,* 66 N. W. Rep. 622; *Peterborough Savings Bank* v. *Pierce,* 75 N. W. Rep. 20; *Babcock* v. *Young,* 75 N. W. Rep. 302; *Wilson* v. *Campbell,* 68 N. W. Rep. 278; *Williams* v. *Keyes,* 51 N. W. Rep. 520; *Dutton* v. *Ives,* 5 Mich. 515; *Joy* v. *Vance,* 62 N. W. Rep. 140; *Bromley* v. *Lathrop;* 63 N. W. Rep. 510; *Trowbridge* v. *Ross,* 63 N. W. Rep. 534; *Windle* v. *Bonebrake,* 23 Fed. Rep. 165. The assignments of mortgage, by Walker to Cashel, and by Cashel to Walker, and the satisfaction by F. T. Walker are nullities. Rev. Codes, § § 4694 and 3529; *Polhemus* v. *Trainer,* 30 Cal. 685; *Loan Ass'n.* v. *Dowling,* 74 N. W. Rep. 438; *Peter* v. *Jamestown,* 5 Cal. 335. Paschke was not a good faith

purchaser because he had notice of facts which would put a prudent man upon inquiry. *Gress* v. *Evans,* I Dak. 371.

*Cochrane & Corliss,* for respondent.

The fact that John Paschke paid for the land after the notice of *lis pendens* had been filed does not render him chargeable with constructive notice of the pendency of the action, because the statute declares that every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed a subsequent purchaser or incumbrancer, and shall be bound by proceedings taken after the filing of the notice. § 5251, Rev. Codes. The filing of *lis pendens* did not give Paschke notice that there was an action pending or that the plaintiffs were the owners of the mortgage in question. The records where the ownership should have been disclosed did not disclose the mortgage. 2 Jones, Real Property, § 1559. The doctrine of *lis pendens* is not carried to the extent of making it constructive notice of a prior unregistered deed; as, for instance, proceedings to foreclose an unrecorded mortgage do not constitute such a *lis pendens* as would be notice to a purchaser of mortgaged property. *Barker* v. *Bartlett,* 45 Pac. Rep. 1084; I Jones, Mortg., § 583; *Newman* v. *Chapman,* 14 Am. Dec. 766; Story's Eq. Jur. § 406; *Wyatt* v. *Barwell,* 19 Ves. 435; I Pindgree, Mortg. § 744; *Douglas* v. *McCrakin,* 52 Ga. 596. The doctrine of *lis pendens* does not rest upon the idea of notice. *Jennings* v. *Kierman,* 55 Pac. Rep. 443; *Hennington* v. *Hennington,* 27 Mo. 560; *Lamont* v. *Chessier,* 65 N. Y. 30, 13 Am. & Eng. Enc. L. 870, 871; 2 Devlin, Deeds, § 79. In an action to foreclose a mortgage the statute relating to the filing of a *lis pendens* is not applicable. § 5251 Rev. Codes; *Brown* v. *Cohn,* 69 N. W. Rep. 71. *Lis pendens* statutes do not create the law of *lis pendens* in the particular jurisdiction in which they are operative, but may rather be regarded as imposing limitations upon the common law otherwise existing upon the subject. The common law rule of *lis pendens* must not be regarded as in effect in each state except in so far as it has been modified by the statutes. 56 Am. St. Rep. 855, 856, note. The common law rule of *lis pendens* controlled this action of foreclosure, and while it is true that the defendant did not pay for the property until after the complaint and *lis pendens* had been filed, yet he fully paid for it before the summons in the action was served on any of the defendants. It therefore follows that the action was not pending for the purpose of constituting notice to defendant at the time he purchased; for, at common law, to constitute a *lis pendens,* the summons or subpœna must be served on some of the defendants. 13 Am. & Eng. Enc. L. 883; *Leitch* v. *Wells,* 48 N. Y. 585, 610; *Duff* v. *McDough,* 25 Atl. Rep. 608; *Bank* v. *Taylor,* 23 N. E. Rep. 347; *Grant* v. *Bennett,* 96 Ill. 513, 522; *Hennington* v. *Hennington,* 27 Mo. 560; *Staples* v. *Handley,* 12 S. W. Rep. 339; 2 Pomeroy, Eq. Jur. § 634; *Majors* v. *Caldwell,* 51 Cal. 478, 484; Freeman, Judg. § 195; *Miller* v. *Kershaw,* 23 Am. Dec. 183, 14 Am. Dec. 776 and

note; *Tigge* v. *Rowlan,* 84 Ill. App. 238; 1 Jones, Mortg. § 584; Wade, Notice, § 348. One who has a contract for the purchase of property pays the consideration and takes the conveyance after the action affecting it has been instituted, is not a purchaser *pendente lite.* *Parks* v. *Smoots Admin.,* 48 S. W. Rep. 146; *Norton* v. *Birge,* 35 Conn. 250; *Jennings* v. *Kierman,* 55 Pac. 443; *Grant* v. *Bennett,* 96 Ill. 515; *Kursheedt* v. *W. D. S. Inst.,* 118 N. Y. 363; *Lamont* v. *Chessier,* 65 N. Y. 30. Paschke bought and parted with his money relying upon the record and abstract showing that the mortgage in question was owned by F. T. Walker and upon a satisfaction thereof, which was in fact executed by F. T. Walker and was in the possession of John P. Walker at the time the transaction was consummated, being delivered to Paschke on the payment of the purchase money. Plaintiffs, by failing to obtain and record an assignment of the mortgage, placed it in the power of Walker to deceive defendant and cause him to believe that Walker had authority to satisfy the mortgage. Therefore, the law treats the transfer to plaintiffs as void as against the conveyance to Paschke. *Girardin* v. *Lampe,* 16 N. W. Rep. 614; *Merrill* v. *Luce,* 61 N. W. Rep. 43; *Livermore* v. *Maxwell,* 55 N. W. Rep. 37; *Merrill* v. *Hurley,* 62 N. W. Rep. 958; *Pickford* v. *Peebles,* 63 N. W. Rep. 779; *Quincy* v. *Ginesbach,* 60 N. W. Rep. 511; *Whipple* v. *Fowler,* 60 N. W. Rep. 15; *Pritchard* v. *Kalamazoo,* 47 N. W. Rep. 31; *Williams* v. *Jackson,* 2 Sup. Ct. Rep. 814; *Morris* v. *Beecher,* 45 N. W. Rep. 696; *Ogle* v. *Turpin,* 102 Ill. 148; *Ladd* v. *Campbell,* 56 Vt. 529; *Torrey* v. *Deavitt,* 53 Vt. 331; *Donaldson* v. *Grant,* 49 Pac. Rep. 779; *Van* v. *Marbury,* 14 South. Rep. 273; *Frank* v. *Snow,* 42 Pac. Rep. 484; *Moran* v. *Wheeler,* 27 S. W. Rep. 54; *Bank* v. *Anderson,* 14 Ia. 544; *Fallas* v. *Pierce,* 30 Wis. 443; *Van Kueren* v. *Corkins,* 66 N. Y. 77; *Bacon* v. *Van Schoonover,* 87 N. Y. 446; *Park* v. *Mackin,* 95 N. Y. 347; *Schwardz* v. *Leist,* 13 Ohio St. 419; *Parmeter* v. *Oakley,* 28 N. W. Rep. 653; *Cornog* v. *Fuller,* 30 Ia. 212; *Life Ins. Co.* v. *Talbot,* 14 N. E. Rep. 586; 1 Jones, Mortg. § 479; 1 Pingree, Mortg. § § 656, 657; *Bank* v. *Buck,* 44 Atl. Rep. 93; *Henderson* v. *Pilgrom,* 22 Tex. 664; *Swasey* v. *Emerson,* 46 N. E. Rep. 426; *Ferguson* v. *Glasford,* 35 N. W. Rep. 820; *Dawes* v. *Craig,* 17 N. W. Rep. 778; *Bowling* v. *Cook,* 39 Ia. 200; *Fletcher* v. *Kelley,* 55 N. W. Rep. 474; *Trust Co.* v. *Mfg. Co.,* 68 N. W. Rep. 587; *Lewis* v. *Kirk,* 28 Kan. 497; *James* v. *Curtis,* 78 N. W. Rep. 261. John P. Walker had authority to insert his own name as grantee and any consideration he might see fit to insert in the deed, in view of the fact that it is expressly found and was stipulated on the trial that F. T. Walker authorized John P. Walker to make such insertions. *Logan* v. *Miller,* 76 N. W. Rep. 1005; *McCleary* v. *Wakefield,* 2 L. R. A. 529, 41 N. W. Rep. 210; *State* v. *Mathews,* 10 L. R. A. 308, 25 Pac. Rep. 36; *Vought's Executors* v. *Vought,* 27 Atl. Rep. 489; *Jennings* v. *Jennings,* 34 Pac. Rep. 31; *Cribben* v. *Deal,* 27 Pac. Rep. 1046; *Spitler* v. *James,* 32 Ind. 202; *Swartz* v. *Ballou,* 47 Ia. 188; *Inhabitants* v. *Huntress,* 53 Me. 89; *Phelps* v.

*Sullivan,* 104 Mass. 36; *State* v. *Young,* 23 Minn. 551; *Field* v. *Stagg,* 52 Mo. 534; *Ex parte Kerwin,* 8 Cow. 118; *Stahl* v. *Berger,* 10 Sarg. & R. 170; *Wiley* v. *Moor,* 17 Sarg. & R. 438. In the absence of express authorization authority to fill in such blanks may be inferred from circumstances. *Van Etta* v. *Evenson,* 28 Wis. 33; *Davis* v. *Lee,* 59 Am. Dec. 267; *Inhabitants* v. *Huntress,* 53 Me. 89; *State* v. *Young,* 23 Minn. 551; *Swartz* v. *Ballou,* 47 Ia. 118; *Anguello* v. *Bowes,* 67 Cal. 447. As against a bona fide purchaser a grantor is estopped from denying that the instrument is his deed when he has signed the same in blank and intrusted the possession thereof to a third person. 2 Am. & Eng. Enc. L. (2d Ed.) 258, 259. The conclusive presumption is, in the absence of any evidence to the contrary, that the parties intended to convey the land to the one who appeared on the face of the instrument to have paid the consideration for the deed. *Mardes* v. *Meyros,* 28 S. W. Rep. 693; *Vineyard* v. *O'Connor,* 36 S. W. Rep. 424; *Newton* v. *McKay,* 29 Mich. 1; *Bay* v. *Posner,* 26 Atl. Rep. 1084. There was evidence on the trial tending to show that a consideration of one dollar was inserted in the deed, and subsequently John P. Walker wrote after the word "one" the word "thousand," changing the consideration from one to one thousand dollars. The grantor authorized an insertion of any consideration in the deed which John P. Walker might see fit to insert. The case is not one of alteration, but the exercise by the party to whom the deed was delivered of a lawful authority. Even if treated as an alteration it was not material because as altered the instrument does not speak a language different in legal effect from that which it originally spoke. 2 Am. & Eng. Enc. L. (2d Ed.) 185, 222. The recital of a consideration is an immaterial part of the deed. 6 Am. & Eng. Enc. L. (2d Ed.) 767. An the change of the consideration does not effect the legality of the instrument. *Cheek* v. *Nall,* 17 S. E. Rep. 80; *Murray* v. *Klinzing,* 29 Atl. Rep. 244; *Gardner* v. *Harback,* 21 Ill. 129; *Murray* v. *Klinzing,* 64 Conn. 78. Inasmuch as the title to the land passed the moment the deed was delivered the subsequent alteration of the deed could not effect the instrument as a conveyance, for the reason that it has already operated as a conveyance, and the law does not divest a party of his title merely because he has changed or destroyed the instrument which gave him title. 2 Am. & Eng. Enc. L. (2d Ed.) 197, 198; *Chessman* v. *Whitmore,* 23 Pick. 231.

YOUNG, J. This is an action to foreclose a real estate mortgage. The mortgage in question was given by John Johnson, one of the defendants herein, to one John P. Walker, to secure his eight promissory notes of even date therewith. It was placed on record on June 28, 1895, the day it was executed. Four of the notes were for $500 each, and matured, respectively, on November 1, 1895, 1896, 1897, and 1898. The remaining four notes were for $1,000 each and matured, respectively, on November 1, 1899, 1900, 1901, and 1902. All of the notes were transferred to plaintiffs before matur-

ity, and are unpaid. No written assignment of the mortgage was executed by the mortgagee to plaintiffs. Their rights in the mortgage arise from their ownership of the debt secured thereby. They seek also to have the title of the defendant Paschke, who claims to be a good-faith purchaser of the mortgaged premises, declared subject to the lien of the mortgage. The defendants Johnson and Walker did not answer. The answer of Paschke presents the only issues in the case. His answer, in effect, is that he is a good-faith purchaser of the mortgaged premises under the recording laws of this state, and that his title is, therefore, freed from the lien of the mortgage in suit. His claim is that when he purchased the land there was nothing of record to apprise him of the fact that plaintiffs had any interest in the mortgage, and that he purchased and paid for the mortgaged premises in reliance upon the record title, and received from his vendor a proper satisfaction of the mortgage in suit, executed by the record owner thereof. The trial court sustained his defense, and entered judgment declaring the mortgage void as to him, and confirming his title to the premises. Plaintiffs appeal from this judgment, and request a retrial of certain specified facts.

The facts upon which the case turns are, in the main, undisputed. Appellants urge two grounds in support of their contention that the lien of the mortgage is a paramount and first lien, and is not invalid as to Paschke, as found by the trial court. First it is claimed that by reason of a defective deed in Paschke's chain of title he is without any title or interest in the premises whatever. Second it is contended that, even if this deed is good, and he obtained title, nevertheless he is not a good-faith purchaser, and therefore took subject to plaintiffs' mortgage. Before considering these questions, —and they present the only questions in the case,—it will be necessary to state certain preliminary facts. It is agreed that Johnson was the fee-simple owner of the real estate in controversy when he executed the mortgage; also that the mortgage remained of record, and was unsatisfied, on December 24, 1898, when Paschke purchased the premises. The series of conveyances in his chain of title were all of record, and are as follows: A deed from Johnson to John P. Walker, dated October 30, 1895; a deed from John P. Walker to F. T. Walker, dated September 10, 1898; a deed from F. T. Walker and wife back to John P. Walker, dated November 17, 1898. Defendant Paschke purchased from John P. Walker, and his deed bears date December 21, 1898, but was not delivered until three days later. The record also showed the following transfers of the Johnson mortgage: An assignment from John P. Walker to John L. Cashel, trustee, dated November 27, 1897, and an assignment from John L. Cashel, trustee, to F. T. Walker, dated September 21, 1898. Under date of November 17, 1898, F. T. Walker, the record owner of the mortgage, executed a satisfaction thereof, which was delivered to the defendant Paschke when he purchased the premises on December 24th thereafter. Paschke relied entirely upon record title, and had no actual notice that plaintiffs either had or claimed any right or

interest in the mortgage in suit. The record showed that John P. Walker owned the land, and that F. T. Walker owner the mortgage. We now turn to the contention that Paschke has no title by virtue of his purchase. Appellants contend that the deed from F. T. Walker and wife to John P. Walker, defendants' grantor, is entirely void, and conveyed no title. So much of it as is important for the purposes of construction is as follows: "Know all men by these presents, that I, F. T. Walker, and Maggie J .Walker, his wife, of Sioux county, and state of Iowa, in consideration of the sum of one thousand ($1,000) dollars in hand paid by John P. Walker, of Walsh county, North Dakota, do hereby quitclaim unto the said ————, all right, title, and interest in and to the following described premises," etc. The objection to this instrument is that it does not designate a grantee. If this is true, it is without validity and effect, for it is an undoubted rule of law that a deed of real estate, to be effective as a conveyance, must designate a grantee; otherwise no title passes. The designation of a grantee is just as necessary to the validity of the grant as the designation of the grantor and the description of the property. 9 Am. & Eng. Enc. L. 132, states the rule as follows: "The deed must designate the grantee; otherwise it is a nullity, and passes no title. If not named, the grantee should be so described as to be capable of being ascertained with reasonable certainty; and, if named, the name should be sufficient to identify the person intended, though it need not, as matter of law, be accurate in every respect." Numerous authorities have been cited by counsel in support of their construction of the deed under consideration, among which are *Vineyard* v. *O'Connor* (Tex. Sup.) 36 S. W. Rep. 424; *Bay* v. *Posner*, (Md.) 26 Atl. Rep. 1084; *Mardes* v. *Meyers* (Tex. Civ. App.) 28 S. W. Rep. 693; *Newton* v. *McKay*, 29 Mich. 1; *Hardin* v. *Hardin* (S. C.) 11 S. E. Rep. 102; *Allen* v. *Allen* (Minn.) 51 N. W. Rep. 473; *Allen* v. *Withrow*, 110 U. S. 119, 3 Sup. Ct. Rep. 517, 28 L. Ed. 90. These cases are in point only so far as they declare general rules of interpretation. In none of them was the deed being considered identical in language with that before us. It is a general rule, applicable to all written instruments, that courts, in construing them, will, when possible, adopt a construction which will give effect, rather than one which defeats them. This maxim of interpretation is embodied in section 5103, Rev. Codes. The Michigan court, in *Newton* v. *McKay*, supra,—a case quite similar to the case at bar,—uses this language: "It is undoubtedly true that, to constitute a valid conveyance, the grant must in some way distinguish the grantee from the rest of the world. But it is equally true that if, upon a view of the whole instrument, he is pointed out, even though the name of baptism is not given at all, the grant will not fail. The whole writing is always to be considered, and the intent will not be defeated by false English, or irregular arrangement, unless the defect is so serious as absolutely to preclude the ascertainment of the meaning of the parties through the means furnished by the whole document and such extrinsic aids as the law

permits. It is not indispensable that the name of the grantee, if given, should be inserted in the premises. If the instrument shows who he is, if it designates him, and so identifies him that there is no reasonable doubt respecting the party constituted grantee, it is not of vital consequence that the matter which establishes his identity is not in the common or best form, or in the usual or most appropriate position in the instrument." In the above case the grantor was named as party of the first part, and one Genereaux as party of the second part. The grantee's name did not appear in the granting clause. It was held that, inasmuch as no other name appeared in the instrument, Genereaux was sufficiently designated as grantee. The language which we have quoted from the opinion was expressly approved in *Vineyard* v. *O'Connor* (Tex. Sup.) 36 S. W. Rep. 424, and it states a generally accepted rule of construction. Tested by the foregoing, does the deed in question designate a grantee? We are clear that it does. It recites that the consideration was paid by John P. Walker. That fact alone raises a very strong, but perhaps not a conclusive, presumption that he was intended as grantee. But we do not rest our conclusion on this presumption. But three persons are named in the deed. The first two—F. T. Walker and Maggie Walker—are grantors. The other person named is John P. Walker. The deed, after reciting that the consideration is paid by John P. Walker, declares that the grant is "unto said ——"; that is, to some person or persons theretofore named. The only person to whom it can possibly refer is John P. Walker, for the grantors could not convey to themselves, and no other persons are named. Through a clerical omission Walker's name was not repeated in the blank in the granting clause, but he had already been named, and, had the blank been filled, no other name than his could have been inserted. The language, as it stands, forbids it. Our conclusion is that the deed designates John P. Walker by name as grantee with entire certainty, and is, therefore, a valid instrument.

We will next consider whether the defendant is a good-faith purchaser in the sense that his title is protected against the lien of the mortgage in suit. It appears that the negotiations which resulted in the purchase of the premises by defendant extended through three days, and that Walker, the vendor, was at all times the moving party in the transaction. The several propositions for the sale of the property came from him. On the day prior to the consummation of the sale he executed and placed on record a deed to defendant Paschke, and provided a certified abstract of title showing the title as we have described it. This, together with a satisfaction of the mortgage in suit, was exhibited to Paschke to show that the title to the premises which he was about to purchase was good, and was unincumbered by the Johnson mortgage. The defendant, because of his ignorance of the English language, was not capable of examining the abstract himself, and so employed counsel to do so. After being advised that the title was good, and not before, he paid the purchase price, received his deed, and also the satisfaction of

the Johnson mortgage. It is entirely clear that he acted in good faith, and that he had no actual knowledge that plaintiffs were interested in the premises in any way, and that he relied upon the record title in making this purchase. Considerable evidence was introduced for the purpose of showing that the land was worth more than defendant paid for it. The conflict on this point we need not determine. It is unimportant. It is true that Walker was engaged in perpetrating a fraud, but it is entirely clear that defendant was not in collusion with him, and that he acted in good faith. Under such circumstances, the fact that he made a good bargain—if that is the fact—would not authorize us to deprive him of its fruits. See *Heyrock* v. *Surerus* 9 N. D. 28, 81 N. W. Rep. 36. Under this state of facts, which party to this litigation must bear the loss,—plaintiffs, who are the innocent purchasers of the notes secured by the mortgage, or defendant Paschke, who in good faith, and without actual knowledge of plaintiffs' rights, purchased the mortgaged premises? Both upon principles of equity and under the statutes of this state, plaintiffs must bear the loss, and this for the reason that by not taking and recording an assignment of the mortgage they made the commission of the fraud possible. This has been held in states where the recording of assignments was not compulsory. See *Bank* v. *Anderson,* 14 Ia. 544, in which the court, speaking through Wright, J., said: "A secret or clandestine assignment, whether by parol or upon the instrument itself, or by the transfer of the debt, and however honest the purpose, is liable to untold abuse. They ought, therefore, to be made a matter of public record. The spirit, if not the very letter, of our recording law requires it. Such a requirement can work no possible hardship, while the contrary rule can only be attended by evil, and that continually. Parties should not be permitted to leave their rights and interests in liens and real estate in such a condition as to injure those who are deceived by appearances without a record to guide them." This is upon the general principle "that, when one of two innocent persons must suffer by the wrongful act of a third person, he must suffer who left it in the power of such third person to do the wrong." *McClure* v. *Burris,* 16 Ia. 591; *Livermore* v. *Maxwell* (Iowa) 55 N. W. Rep. 37; *Williams* v. *Jackson,* 107 U. S. 478, 2 Sup. Ct. Rep. 814, 27 L. Ed. 529. And it is generally held that statutes which have for their purpose the better security and repose of titles may postpone one who voluntarily neglects to avail himself of the registry laws, which enables him to give notice to all the world of his claims to the claims of a subsequent purchaser who acted on the faith of the public record. *Kenyon* v. *Stewart,* 44 Pa. St. 179; *Jackson* v. *Lamphire,* 3 Pet. 288, 7 L. Ed. 679; *Insurance Co.* v. *Talbot,* 113 Ind. 373, 14 N. E. Rep. 586. Again, plaintiffs are under the ban of the statute as well as of judicial authority. Section 3594, Rev. Codes, provides that "every conveyance of real property, other than a lease for a term not ex-

ceeding one year, is void as against any subsequent purchaser or incumbrancer, including an assignee of a mortgage, lease or other conditional estate, of the same property, or any part thereof in good faith and for a valuable consideration, whose conveyance is first duly recorded." An assignment of a real estate mortgage is included in the term "conveyance" used in the section quoted, and is an instrument required to be placed on record. This section is a re-enactment of section 3293, Comp. Laws, and has been repeatedly construed by the Supreme Court of South Dakota, where it has continued in force, and held that an unrecorded assignment of a mortgage is void as to subsequent purchasers or incumbrancers of the mortgaged premises in good faith and for a valuable consideration whose conveyances are first recorded. In *Morrill* v. *Luce* (S. D.) 61 N. W. Rep. 43, an assignment had been executed, but not recorded. In *Merrill* v. *Hurley* (S. D.) 62 N. W. Rep. 958, there was merely a transfer of the notes, as in the case at bar. The same was true in *Pickford* v. *Peebles* (S. D.) 63 N. W. 779. In each case it was held that the failure of the purchaser of the notes to record an assignment of the mortgage defeated his right as against innocent purchasers, and such is the holding of all courts where a similar statute is in force. *Girardin* v. *Lampe* (Wis.) 16 N. W. Rep. 614. See cases cited in *Morrill* v. *Luce*, supra; also in *Windle* v. *Bonebrake* (C. C.) 23 Fed. Rep. 165. Plaintiffs neglected to take and record an assignment. Defendant purchased in good faith, and for a valuable consideration. It follows, therefore, both upon equitable principles and under section 3594, Rev. Codes, that plaintiffs cannot enforce their mortgage against the title he acquired by such purchase. The judgment of the District Court is affirmed. All concur.